NELUND v. REVIEW BOARD OF INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 19,802. Filed August 15, 1962.]

*Thomas J. Jeffers,* of South Bend, for appellant.

*Edwin K. Steers,* Attorney General, and *Keith Campbell,* Deputy Attorney General, for appellee.

COOPER, P. J.—This matter comes to us from a proceeding before the Review Board of the Indiana Employment Security Division to determine the eligibility of the claimant below for benefits under the Indiana Employment Security Act.

From the record now before us, it appears that the appellant herein filed her application for benefits under said Employment Security Act and a hearing was had before an Employment Security Deputy who determined appellant had refused employment without good cause, and, as a result, was disqualified and not eligible to collect benefits under said Act.

Thereafter, the usual administrative procedure was followed, including a hearing before an Appeals Referee, and it appears, upon the appeal to the Review Board of the said Indiana Employment Security Division, that William G. Johnson, a member did not participate, and that Frank C. McAlister, a member, affirmed the Referee's decision, and that Douglas J. Morris, Chairman, dissented.

In view of the foregoing record, the Attorney General of the State of Indiana filed a Confession of Error for which he is to be commended, as it affirmatively appears that the Review Board erred in attempting to decide this cause without a majority of the membership of said Board either affirming or reversing the Referee's decision or determination.

In reviewing the statutes relating to the Indiana Employment Security Act, we find that §52-1542d of Burns' Ind. Stat., 1951 Replacement, reads, in part:

"The board shall establish a review board. Such board shall consist of three [3] members who shall be appointed by and serve . . . ."

We also find that the Review Board of the Indiana Employment Security Division would be an agency under §63-3002, Burns' Ind. Stat., 1961 Replacement, and also that §63-3011, Burns', 1961 Replacement, reads, in part, as follows:

"The final order or determination made by the agency shall be made by the ultimate authority of such agency and where the agency consists of more than one [1] person it shall be made by at least a majority thereof. . . . "

Also, it appears that under the rules and regulations of the Indiana Employment Security Board that Regulation 1009 provides the following, in part:

". . . If a decision of the Review Board is not unanimous, the decision of the majority shall control, but the dissenting member may file his opinion . . . ."

Therefore, in order to have a valid, final determination or decision by the Review Board, it is necessary that at least two members of said Board join as a majority in supporting the Referee's decision or determination, or that a majority of two join in a majority decision or determination reversing the Referee's decision or determination.

It affirmatively appearing that there being no majority final decision or determination in the case now before us, the same is reversed and hereby remanded to the Review Board of the Indiana Employment Security Division, with instructions to take such proceedings as may lead to the entry of a final determination in this cause.

Ax, J.; Bierly, J.; Gonas, J.; Kelley, C. J.; Myers, J.; Pfaff, J.; Ryan, J., concur.

NOTE.—Reported in 184 N. E. 2d 655.