DOLORES TAPP *v.* CHARLES HASKINS.

[No. 1-1173A202. Filed May 1, 1974. Rehearing denied June 4, 1974. Transfer denied July 26, 1974.]

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellant.

*Rice & Vanstone,* of Evansville, for appellee.

LOWDERMILK, J.—This appeal presents two issues, i.e., whether the judgment of the trial court is supported by sufficient evidence and whether the trial court erred in sustaining appellee's motion for summary judgment.

Plaintiff-appellant filed a paternity suit on December 19, 1972, against the defendant-appellee. Thereafter, on March 12, 1973, the depositions of the respective parties were taken and on April 27, 1973 the appellee filed his motion for summary judgment under Ind. Rules of Procedure, Trial Rule 56 (B) and (C) on the grounds that the complaint and depositions taken in the cause show that there was no genuine issue of material fact and the defendant is entitled to judgment as a matter of law.

The memorandum which is made a part thereof alleges the complaint was filed October 10, 1972 (sic) for a child born April 13, 1962. The plaintiff, in her deposition testified as to the payment of support as follows:

"Q. And have you ever received any support payments?
A. Well, not through Court.
Q. Have you received any support other than from Elmer Allen?
A. No. You mean in the way of money or —
Mr. Vanstone: Yes.
A. No.
Q. Do you receive any support by way of money from Charles Haskins?
A. You mean over or—
Q. Well, in the last two years?
A. No."

The trial court sustained the motion for summary judgment and entered judgment on the same against appellant after

which appellant timely filed her motion to correct errors which was by the court overruled.

The facts, as stated by the appellant, are that she is 32 years of age, and has never been married. She is the mother of a child, Rhonda Tapp, born out of wedlock and the appellee is the father of said child, who was born on April 13, 1962.

That during her pregnancy appellee paid her hospital and doctor bills. That appellee had visited the child, Rhonda, many times since she was born and had bought clothing and toys for her. That when appellee was working out of town he was sending appellant money orders and things for Rhonda all the time.

Appellee testified he had known appellant for the last 15 years. That during 1961 he was very serious about marrying the appellant and had sexual intercourse with appellant in her house three times during the summer of 1961 and later learned that appellant was six months pregnant. Appellee further testified he gave appellant about $150.00 to pay for hospital bills when Rhonda was born; that he purchased some clothes for Rhonda during 1969 at Christmas time and also gave $10.00 to appellant when she told him her children were hungry and needed diapers; that he used to bring Rhonda to his house to visit during 1971 and 1972. Appellee denied that he is the father of Rhonda Tapp, minor child, whose parentage is in question.

The court heard evidence at the same time it considered the affidavits of the parties. In the parol evidence appellant testified appellee paid the hospital bill and doctor bill when she was pregnant with Rhonda and that he acknowledged that Rhonda was his child up to the time she brought this action and then he said she wasn't his, but he had never denied her before.

Appellee had visited Rhonda numerous times since her birth and taken her with him on week ends and longer at other times, and on holidays; that she had spent Christmas with

him and the past summer she spent two weeks with him over the summer when she was out of school.

Appellant testified she did not send the child any money when she was with appellee and that appellee purchased clothes for the child, also Christmas gifts and birthday gifts and he saw that she got dresses and shoes and on Easter he would get her an Easter outfit and things.

She further testified the last time she recalled the appellee purchasing anything for the child was the summer of 1972 when she was staying with him for two weeks and she came home with a new shorts outfit and new tennis shoes that he had purchased for her.

She further testified that within the past year he came to her house when she was not home and the child Rhonda had $10.00 which she said the appellee had left after he stopped there to visit.

Appellant further testified, in answer to her interrogator, that the appellee furnished partial support for the child within the last two years and also bought her a bicycle within the last year.

Appellee contends that the appellant is the mother of three illegitimate children, of which Rhonda is the oldest, and is the one that he is claimed to have fathered. He denies paternity and insists that he has consistently refused to provide support.

He has married since Rhonda was born and resides with his wife and a stepchild who is the same age as Rhonda. These children visit in one another's homes and stay overnight. Appellee contends that it was on a week end visitation that he purchased shorts and tennis shoes for Rhonda so she could go on a neighborhood picnic. He admits on another occasion he bought Rhonda a $35.00 bicycle because her mother had promised her a bicycle two times for Christmas and had not delivered and he bought the bicycle to keep Rhonda from running away. He admits giving appellant $10.00 on one occasion, but says it was to buy her youngest

child some diapers. Appellee further contends he has not paid support in the last two years.

Appellee defends this action on the further premise that the statute of limitations had run because there was no evidence that the appellee furnished support for the child within two years of the filing of the complaint.

The motion for summary judgment was based on the running of the statute of limitations, which statute of limitations in a paternity action is IC 1971, 31-4-1-26 (Burns Code Ed.), the pertinent parts being in the words and figures as follows, to-wit:

"Limitation of action to enforce obligation of father— Exceptions.—Proceedings to enforce the obligation of the father shall not be brought after the lapse of more than two [2] years from the the birth of the child, unless paternity has been established by a judgment of a court of competent jurisdiction, or has been acknowledged by the father in writing or unless support has been furnished by the alleged father, or by some person on his behalf, either voluntarily or pursuant to an agreement with the mother or some person on her behalf or on behalf of the child. If the paternity has been so established, or if support has been so furnished, the action may be brought at any time within two [2] years after the acknowledgment or the last furnishing of support to the child. . . ."

Appellee relies on the case of *Horvath* v. *Davidson* (1970), 148 Ind. App. 203, 264 N.E.2d 328, as his authority that the statute of limitations may be raised on a motion for summary judgment.

Appellee, in further support of his contention, states that the paternity has not been established by judgment of a court nor has it been acknowledged by the father in writing nor is there any agreement with the mother to provide support; that at the time of filing of the complaint the child was ten years old and the appellee had not paid support.

A search of the record reveals that appellee's contention thus made is true except that the record is disputed as to whether appellee did or did not pay support.

Appellee relies on the case of *In Re Adoption of Infants Reynard* (1960), 252 Ind. 632, 251 N.E.2d 413, and on the holding in that case urges that the appellee should not be required to defend a paternity action because he was charitable.

The *Reynard* adoption case, in our opinion, is not in point and is not pertinent to the issues in the case at bar which is a suit to establish paternity and which is being contested under the summary judgment rule.

Our summary judgment rule was adopted from the Federal rule on summary judgment and Federal cases served as our guidelines in passing on those cases. We feel, however, there is now an adequate line of authority in Indiana cases upon which we can rely as well as on the Federal cases.

In the case of *Houston* v. *First Federal Savings & L. Ass'n of Gary* (1969), 144 Ind. App. 304, 246 N.E.2d 199, a motion was filed for a summary judgment and the trial court considered the affidavit in support of the motion for summary judgment, together with a supplemental affidavit thereon and appellant's affidavit in opposition to appellee's motion for summary judgment and counter affidavit.

This court therein held:

"We agree with the appellants, as set forth in their brief, that:

'The basic purpose of the Indiana Summary Judgment Statute is to provide a procedural device for prompt disposition of cases where there is, in reality, no genuine issue of fact to be determined in the trial, either by a court or a jury.' "

This court further held:

" '. . . If, upon the proofs adduced in support of a motion for summary judgment, any doubt remains as to the existence of a genuine issue of material fact, such doubt must be resolved against the movant for summary judgment and the motion for summary judgment must be denied. *Mitchell* v. *Pilgrim Holiness Church Corp.*, 7 Cir., 210 F.2d 879, certiorari denied 347 U.S. 1013, [74 S.Ct. 867, 98 L. Ed. 1136] * * *' "

In the case at bar many inferences may be drawn from the facts presented by the record. It is well settled that, even in cases where the facts are not disputed, but the parties may have good faith disagreements as to the inferences to be drawn from those facts, such a case is not one to be decided by summary judgment. *Erie-Haven, Inc.* v. *First Church of Christ* (1973), 155 Ind. App. 283, 292 N.E.2d 837. *Wozniczka* v. *McKean et al.* (1969), 144 Ind. App. 471, 247 N.E.2d 215.

In *Houston, supra,* the court, in quoting from *Pierce* v. *Ford Motor Co.* (4th Cir., 1951), 190 F.2d 910, said:

> " 'It is only where it is perfectly clear that there are no issues in the case that a summary judgment is proper. Even in cases where the judge is of opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to enable parties to evade jury trial or have the judge weigh evidence in advance of its being presented.' "

It must be remembered that the burden is on the moving party to show that no material issue of fact exists and all doubts must be resolved in favor of the party against whom the motion was directed. *Ebert* v. *Grain Dealers Mutual Insurance Company* (1973), 158 Ind. App. 379, 303 N.E.2d 693.

We are of the opinion that the affidavits filed herein, with the evidence of the parties heard by the court, together with the reasonable inferences drawn therefrom, presented a triable issue of fact to the court which required that the case should have been submitted to the court for trial on its merits.

For the reasons hereinabove related, we are of the opinion that the court committed reversible error. This cause is, therefore, reversed and remanded to the trial court for trial on the merits.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 310 N.E.2d 288.