**John T. SHETTLE, Superintendent of the Indiana State Police and the Indiana State Police Board, Appellants (Respondents),**

v.

**Robert L. MEEKS, Appellee (Petitioner).**

No. 2–283A54.

Court of Appeals of Indiana, Second District.

July 9, 1984.

Linley E. Pearson, Atty. Gen. of Indiana, Charles N. Braun II, Deputy Atty. Gen., Indianapolis, for appellants.

John C. Ruckelshaus, Walter F. Lockhart, Ruckelshaus, Roland & O'Connor, Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Respondents-appellants superintendent John T. Shettle (Shettle) of the Indiana State Police and the Indiana State Police Board (Board) appeal from an adverse trial court ruling reversing the Board's disciplinary action against former First Sergeant Robert L. Meeks (Meeks), claiming, *inter alia*, the trial court erred in holding the Board had to provide Meeks the certified transcript of his hearing without charge and in holding the Board's decision was null and void for want of a majority vote.

We reverse and remand with instructions.

## FACTS

The facts most favorable to the trial court's judgment disclose that on October 24, 1980, First Sergeant Meeks (a twenty-year veteran of the Indiana State Police Department) and three other members of the State Police Department, signed off duty about midday to play golf. When inclement weather cut their game short, the players retired to the clubhouse for refreshments. Meeks consumed a sandwich and three or four blackberry brandy cocktails. Around six p.m. Meeks left the clubhouse to go home. While driving home, Meeks attempted to pass a slower moving vehicle, but, as he crossed the center line, he hit an oncoming Amish buggy, causing damage to both the buggy and Meeks's state-owned police car.

Consequently, on December 5, 1980, Superintendent Shettle of the State Police Department, (Shettle) preferred charges in writing pursuant to Ind.Code 10-1-1-6 (1976). Shettle charged Meeks with violating three departmental regulations: (1) committing a crime under Indiana law, to-wit: driving while intoxicated, (2) failing to supervise subordinate employees and personally engaging in recreational pursuits during working hours, and (3) causing negligent destruction of state property and property of another.

On January 29, 1981, Meeks appeared before Shettle to answer the charges. Shettle forbade Meeks from having counsel present at this appearance. Meeks pleaded not guilty to all charges. On February 9, 1981, Shettle found Meeks guilty of all charges. He demoted Meeks to the rank and pay of Sergeant, effective February 14, 1981, reassigned Meeks to Sergeant duties, and suspended him without pay for five days.

Meeks appealed Shettle's decision to the Board. On August 17 and 18, 1981, the Board held a hearing after which it issued findings of fact and a decision. The Board found Meeks guilty of the third charge, negligent destruction of state property, but not guilty on the other two charges. The Board was unable to reach a majority decision as to an appropriate sanction.

On October 15, 1981, Meeks filed his petition for review, seeking reversal of count three of the Board's decision in the Marion County Superior Court. Meeks claimed he was denied his statutory right to a hearing prior to his demotion because the pre-demotion appearance before Shettle was not in accordance with the hearing requirements of the Administrative Adjudication Act (hereinafter cited as the AAA). Ind.Code 4-22-1-1 to -30 (1982). Also, Meeks asserted the Board's decision upholding Shettle's finding of guilty was manifestly against the weight of the evidence and therefore arbitrary and capricious. And lastly, because of the Board's inability to arrive at an appropriate sanction, Meeks sought reinstatement with

back pay plus interest and compensation for the five days of suspension without pay.

After a hearing, the court entered judgment for Meeks, ordering he be reinstated and reimbursed for any pay differential and loss of pay during the five days suspension, the Board and Shettle (hereinafter collectively referred to as the Board) appealed.

## ISSUES

Proper disposition of this appeal requires us to address only two of the four issues raised by the Board:

1. Did the Board's "decision" lack the necessary finality to be judicially reviewable? [1]

2. Did the trial court err in ordering the Board to supply Meeks with the transcript of his Board hearing without charge?

ISSUE ONE—Did the Board's "decision" lack the necessary finality to be judicially reviewable?

■ Although neither party formulates an argument specifically couched in these terms, both present their differing views as to the ultimate effect of the Board's failure to arrive at a majority position with regard to the appropriate sanction, if any, for Meeks. We need additional facts to dispose of this issue adequately.

Upon finding Meeks guilty of negligent destruction of state property and property of another by a unanimous (4–0) vote,[2] the Board then considered the sanctions Shettle imposed upon Meeks. Although three attempts were made, the Board was unable to reach a majority decision on sanctions. Two motions for sanctions received tied two-two votes, and the third failed for lack of a second. The net effect of the Board's action was a finding of guilty of negligent destruction of state property without a decision as to what, if any, punishment was appropriate. Nothing else in the record illuminates us further, although we gather from the complaint that Shettle's sanctions remained standing after the Board meeting.

On review, the trial court concluded only the Board as the ultimate authority of the agency, following a majority vote, could impose a disciplinary penalty upon Meeks, apparently relying on section 11 of the AAA which requires final agency orders to be approved by majority vote. Ind.Code 4–22–1–11 (1976) (hereinafter cited as the Final Order Section). As the Board imposed no penalty by majority vote, the court held Meeks's demotion and suspension were illegal and void; therefore Meeks was entitled to reinstatement to First Sergeant with its attendant pay differential and to the amount of pay withheld during his suspension. With this additional background we turn to the arguments raised by the parties.

PARTIES' CONTENTIONS—The Board claims its tie vote upheld Shettle's penalty, analogizing to the result of tie votes by appellate tribunals which have the effect of affirming a trial court. Even if the trial court believed a majority vote was required, the Board argues, the court should have remanded the case to the Board for reconsideration and the opportunity to reach a majority decision.

Meeks responds, because the Board failed to achieve a majority vote, no penalty was imposed; therefore his suspension and demotion were illegal and void. Moreover, Meeks argues a remand to the Board here would be futile given his intervening retire-

---

**1.** The Board also claims the trial court erred in holding Shettle's disciplinary action illegal and void for infirmities in Meeks's predemotion appearance before Shettle. Because of our disposition and reversal on Issue One, we need not address these assertions. However, we direct the parties attention to *Hunt v. Shettle*, (1983) Ind.App., 452 N.E.2d 1045. The Board also claims the trial court erred in ordering Meeks to be reinstated to the rank of First Sergeant with back pay despite his intervening retirement. Again, we need not address this assertion in view of our disposition of Issue One.

**2.** Ind.Code 10–1–1–1 (1976) provides the Board shall be comprised of six members, but four members shall constitute a quorum for the transaction of business.

ment from the police department which occurred while his case was before the trial court.

CONCLUSION—Because the Board failed to reach a majority determination as to the appropriate sanction, if any, for Meeks, the Board's determination was not a final order from which review could be taken to the trial court. The trial court should not have entertained Meeks's action and erred in not remanding the case to the Board.

"A primary tenet of Indiana administrative law is that there must be final administrative action before there can be judicial review thereof." *St. Joseph's Hosp., Inc. v. Huntington County Dep't of Pub. Welfare,* (1980) Ind.App., 405 N.E.2d 627, 629; *accord, e.g., South Bend Fed'n of Teachers v. National Educ. Ass'n,* (1979) 180 Ind.App. 299, 389 N.E.2d 23, *trans. denied; City of Indianapolis v. Ingram,* (1978) 176 Ind.App. 645, 377 N.E.2d 877; *Downing v. Board of Zoning Appeals,* (1971) 149 Ind. App. 687, 274 N.E.2d 542. The Final Order Section of the AAA specifically provides in pertinent part:

> "The final order or determination made by the agency shall be made by the ultimate authority of such agency and *where the agency consists of more than one (1) person it shall be made by at least a majority thereof."*

I.C. 4–22–1–11 (emphasis supplied). And, this court has also defined "final order" in the administrative context as follows:

> " 'Final order' means an order ending the proceedings, leaving nothing further to be accomplished. [Citation omitted] Consequently, *an order is not final if the rights of a party involved remain undetermined* or if the matter is retained for further action. . . .
>
> *The decision must impose an obligation or deny a right as a* consummation of the *administrative process."*

*Downing, supra,* at 691, 274 N.E.2d at 544–45 (citations omitted) (emphasis supplied); *accord South Bend Fed'n of Teach-*

ers, supra; Ingram, supra; Indiana State Highway Comm'n v. Zehner, (1977) 174 Ind.App. 176, 366 N.E.2d 697.

Thus, we can only conclude the Final Order Section required the Board, by a majority vote, either to impose a punishment or to affirmatively decide no punishment was appropriate. No such majority action ever occurred. As the question of Meeks's punishment remained open, the Board did not "impose an obligation or deny a right." *Downing, supra,* at 691, 274 N.E.2d at 545. It left something further to be accomplished. It was not a final order.

This court confronted a similar situation in *Nelund v. Review Bd. of the Ind. Employment Security Div.,* (1962) 133 Ind. App. 661, 184 N.E.2d 655. In *Nelund,* the three member Review Board voted one to one (with one member not participating) upon consideration of the Referee's recommendation. On the basis of the Final Order Section, and in part because of a similar regulation of the Indiana Employment Security Board, the court held there had to be a majority of at least two members to have a valid determination by the Review Board, either to support or reverse the Referee's decision.

Absent an affirmative majority, *i.e.* final, decision of the Board as to what, if any, penalties should be assessed against Meeks, "it is impossible for [him] to show such irreparable injury as would warrant judicial review." *Downing, supra,* at 692, 274 N.E.2d at 545. Only after the Board has determined what sanction, if any, is appropriate, may the trial court, and ultimately this court, entertain a petition for judicial review of that decision.[3] *See Indiana Stream Pollution Control Bd. v. United States Steel Corp.,* (1974) 262 Ind. 199, 313 N.E.2d 693; *State ex rel. Calumet Nat'l Bank v. McCord,* (1963) 243 Ind. 626, 189 N.E.2d 583.

ISSUE TWO—Did the trial court err in ordering the Board to supply to Meeks

---

**3.** Also, we find unpersuasive the Board's argument that a remand here would be futile given

Meeks' retirement from the department.

the transcript of his Board hearing without charge?

■ To decide this issue, again we need to state a few additional facts. After Meeks filed his petition for judicial review, the trial court granted him an extension of time to file the transcript and his motion to produce the transcript. Then the trial court ordered the Board to provide Meeks the transcript without charge, apparently relying on section 9 of the AAA, which, *inter alia*, authorizes a state agency like the Board "to employ and engage the services of a stenographer or reporter ... and pay for such services." Ind.Code 4-22-1-9 (1982) (hereinafter cited as the Record-Reporter Section). The Board assails that order.

PARTIES' CONTENTIONS—Both parties correctly acknowledge that the AAA applies to proceedings of the Board as an agency with statewide jurisdiction, Ind. Code 4-22-1-2 (1982), and that the AAA supersedes and controls over any conflicting statute. Ind.Code 4-22-1-28, -30 (1982); *City of Plymouth v. Stream Pollution Control Bd.*, (1958) 238 Ind. 439, 151 N.E.2d 626; *State Bd. of Beauty Culturist v. Nuzzo*, (1982) Ind.App., 435 N.E.2d 311.

The Board contends Meeks must pay for any transcribing fee arising out of preparing his record for appeal from the Indiana State Police Board as a responsibility incidental to his statutory burden of filing the record. The Board argues further that they fulfill their statutory responsibility to prepare a record by having a reporter present at the hearing, and are not required to pay for a transcription.

Meeks asserts IC 4-22-1-9 of the AAA unambiguously places responsibility on the Board to prepare his transcript for appeal from the Board and that payment for said transcript is incidental to preparation of the record.

CONCLUSION—The trial court did not err in ordering the Board to pay for preparation of the transcript; however, it was reversible error to order the Board to provide

Meeks with the original transcript rather than requiring him to purchase a copy for filing purposes, as required by statute.

Two sections of the AAA the Record-Reporter Section and Ind.Code 4-22-1-14 (1982) (hereinafter cited as the Petition for Review Section)[4] need to be addressed.

The Record-Reporter Section provides: "Sec. 9. The transcript of testimony adduced and exhibits admitted together with the notice, all pleadings, exceptions, motions, requests and papers filed, other than briefs or arguments of law, shall constitute the complete and exclusive record of such hearing and determination of such agency and it shall be available to all parties for examination. *Any party may obtain a copy thereof at its expense.*

*Such agency is hereby authorized to employ and engage the services of a* stenographer or *reporter*, either on a full time or part time basis as deemed advisable by such agency *and pay for such services* of such stenographer or reporter from any funds available to such agency or from any funds which may hereafter be appropriated therefor.

Said stenographer or reporter so employed for such purposes shall be designated by such agency for the purpose of any such hearing as its 'official reporter to take down in shorthand or stenotypy [sic] all evidence and matters occurring at such hearing exclusive of oral arguments thereon. Whenever objections are filed to recommended determinations or when a petition for judicial review is filed, such evidence together with the original or a copy of all exhibits admitted and with the notice of hearing, all pleadings, exceptions, motions, requests and papers filed, other than briefs or arguments of law, shall be incorporated in a transcript and certified to by the officer, agent or representative of such agency presiding at the hearing or by the ultimate authority. Such transcript when so prepared and certified shall be admissible

4. Ind.Code 4-22-1-14 (1982).

without further proof in any subsequent review or proceeding affecting such determination of such agency, and shall be prima facie evidence of all facts therein contained as the complete record of such hearing or determination."

(Emphasis supplied).

The Petition for Review Section complements the Record-Reporter Section by setting forth the procedure for obtaining review:

"Sec. 14. *Any party* or person so *filing such verified petition for review* with such court *shall* within fifteen (15) days thereafter *secure such agency a certified copy of the transcript* of said proceedings before the agency including the order or administrative adjudication sought to be reviewed and file the same with the clerk of such court in which such action for review is pending...."

(Emphasis supplied).

■ In examining the meaning of these two interrelated statutes we need resort to only one rule of statutory construction. The meaning of a single section of a statute is to be considered in context with other sections of the same Act, and, if possible, every word must be given meaning and effect. *Meridian Mortgage Co., Inc. v. State*, (1980) Ind.App., 395 N.E.2d 433; *In re Big Raccoon Conservancy District v. Kessler Farms Corp.*, (1977) 173 Ind.App., 218, 363 N.E.2d 1004; Ind.Code 1–1–4–1(1) (1982). We must give plain meaning to words in a statute when the words are not contradicted by other language within the same Act. *Beasley v. Kwatnez*, (1983) Ind.App., 445 N.E.2d 1028; 2A *C.D. Sands, Sutherland Statutory Construction* § 45.02, at 5 (1973).

The Record-Reporter Section is divided into three paragraphs. The clear import of paragraph one is that the agency must compile and maintain in its office the complete and exclusive record of the administrative hearing including the transcript of testimony, exhibits admitted, the notice, pleadings, exceptions, motions, requests,

and any papers filed. The record must be available to all parties for their examination, and any party may purchase a copy of the record.

Paragraph two authorizes the agency to employ a stenographer or reporter and to pay for the services of said reporter, so that the agency might comply with its statutory responsibility of preparing the record. The financial responsibility for the preparation of the certified record is an albatross around the neck of the Board, not an appealing party. As the Board is responsible for paying for the services of the reporter, compiling the certified record and making it available for examination, the only reasonable inference is that it must pay for any costs relating thereto.

Paragraph three draws the sections together by requiring the agency reporter to take down all evidence and matters occurring at an agency hearing, so that, if a petition for review is filed, the reporter may incorporate the hearing evidence and pleadings, etc., into a complete transcript. This complete transcript, pursuant to paragraph one, constitutes the record which must be certified by the agency and is admissible in any subsequent review.

Having set the stage for preparation of a complete transcript by the Board, the Petition for Review Section completes the review process. A party aggrieved by an order or determination of the agency is entitled to judicial review[5] and may secure from the agency a certified *copy* of the transcript of the administrative hearing and file said *copy* with the clerk of the court where the petition for review was filed. It thus unambiguously requires a petitioner to file a certified *copy* of a transcript to obtain judicial review. *Drake v. Indiana Dept. of Natural Resources*, (1983) Ind.App., 453 N.E.2d 293. This requirement is consistent with the Record-Reporter Section which, in paragraph one, permits any party to purchase a copy of the transcript, and in paragraph three permits the agency to certify said transcript. These requirements flow together logically

5. IC 4–22–1–14.

so that the agency must prepare the transcript and a petitioning party must purchase a copy thereof for filing with the reviewing court. This also permits the agency to maintain the original for the party's examination in their offices as required by paragraph one of the Record-Reporter Section.[6]

Thus, we conclude that the Board must bear the expense for preparing the certified administrative transcript, and Meeks must *purchase* a certified copy of the transcript for filing with the reviewing court.

Accordingly, the judgment is reversed and this case remanded to the trial court with instructions to remand it to the Board for proceedings leading to a final order.

SULLIVAN, J., concurs in result.

SHIELDS, J., concurs.

---

6. Although not before us, we question the validity of 615 Ind.Admin.Rules and Regs. issued pursuant to the Occupational Health and Safety Laws, providing that, "Where the hearing record must be transcribed, the cost of the original transcript shall be born by the party requesting it." Ind.Code 4-22-1-30 (1983); IC 22-8-1.1-48.1 (1983).