**1272**

Robert L. MEEKS, Appellant
(Plaintiff Below),

v.

John T. SHETTLE, and The Indiana
State Police Board, Appellees
(Defendants Below).

No. 29A02–8609–CV–327.

Court of Appeals of Indiana,
Second District.

Nov. 12, 1987.

John C. Ruckelshaus, Walter F. Lockhart, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., David A. Nowak, Deputy Atty. Gen., Indianapolis, for appellees.

SHIELDS, Presiding Judge.

Robert L. Meeks appeals the trial court's decision affirming the disciplinary action taken against him by the State Police Board.

## ISSUES

On appeal Meeks raises two issues:

1. Whether Indiana Police Superintendent Shettle's action disciplining Meeks was contrary to law, and

2. Whether the delay between Meeks' appearance before Shettle and action by the State Police Board violated due process.

We affirm.

## FACTS

On October 24, 1980, State Police First Sergeant Meeks, while driving his State Police vehicle, attempted to pass another car, crossed the center line, and collided with a horse-drawn buggy. On December 5, 1980, John T. Shettle, Superintendent of the Indiana State Police Department, charged Meeks in connection with the accident for violating the following police regulations: (1) driving while intoxicated, (2) failing to supervise subordinate employees by allowing them to engage in personal recreational pursuits on department time, and (3) causing the negligent destruction of state property and the property of another.

On January 29, 1981, Meeks appeared before the Superintendent to answer the charges. Meeks was not allowed to have his attorney present, to confront or cross-examine witnesses, or to review witnesses' statements. On February 10, 1981, the Superintendent found Meeks guilty on all three charges and, effective February 14, 1981, demoted him from first sergeant to sergeant and suspended him for five days without pay.

Meeks appealed to the Indiana State Police Board. The Board conducted a full hearing on August 17 and 18, 1981. Meeks was represented by counsel, submitted evidence, and cross-examined all witnesses.

The Board unanimously found Meeks not guilty of the first two charges, but guilty of the third. However, because the Board could not agree upon the sanction, the sanctions imposed by the Superintendent continued in full force.

Meeks sought judicial review of the Board's decision on the third charge. The trial court found in favor of Meeks and ordered reinstatement with pay. The Board and the Superintendent appealed. In *Shettle v. Meeks* (1984), Ind.App., 465 N.E.2d 1136, this court reversed the trial court's judgment and remanded the case with instructions to further remand it to the Board for further proceedings. This court held the trial court did not have jurisdiction to entertain the petition because the Board had failed to enter an appealable final order.

The Board issued a final order on November 19, 1984, again finding Meeks guilty of the third charge and, by majority vote, reinstating Meeks to the rank of first sergeant with pay, but upholding the five-day suspension.

Meeks again sought judicial review. The trial court affirmed the Board's decision. Meeks again appeals. He argues his statutory and constitutional rights were violated.

## DISCUSSION

### I.

Disciplinary action against Meeks was initiated by Shettle, Superintendent of the Indiana State Police, who ordered Meeks reduced in rank and suspended for five

days without an adversarial hearing. Meeks argues this action conflicts with the Administrative Adjudication Act (AAA) [1] and is inimical to constitutional due process guarantees.

### A.

■ Meeks concedes Shettle's disciplinary action complied with the State Police Act.[2] Nevertheless, he contends the disciplinary action is invalid because IC 10–1–1–6, which sets forth the procedure followed by the Superintendent in disciplining Meeks, has been repealed. The basis of his contention is that the procedure does not comply with the AAA because it does not afford respondents a full hearing with attendant safeguards prior to the imposition of sanctions. He augments this contention by invoking provisions of the AAA, IC 4–22–1–28 and 30, which specifically repeal or supersede all statutes in conflict with the AAA.

Unquestionably, the summary pre-hearing procedure allowed by the State Police Act does not comport with the AAA. However, it need not unless the summary procedure falls within the AAA. In other words, Meeks's argument presupposes his appearance before the Superintendent was a hearing within the purview of the AAA. It was not. Meeks's appearance before the Superintendent was an intradepartmental pre-hearing procedure and not an administrative adjudication; thus the AAA is inapplicable.

■ The AAA applies to an "administrative adjudication in which the rights, duties, obligations, privileges or other legal relations of any person are required or authorized by statute to be determined by any agency...." IC 4–22–1–3 (Burns 1982). Administrative adjudication is defined as the "administrative investigation, hearing and determination of an agency of issues or cases applicable to particular persons...." IC 4–22–1–2 (Burns 1982). Although the Superintendent is an "agency" as that term is defined by IC 4–22–1–2 (Burns 1982), the Superintendent's action is not an administrative adjudication.

Indeed, the AAA so provides. IC 4–22–1–5 (Burns 1982) provides, in part, "[t]he final order or determination ... shall not be made except upon hearing...." IC 4–22–1–7 (Burns 1982) provides, in part,

"Every hearing held by any agency where an order may be made or determination had against any person the same shall be held by the ultimate authority of the agency except as otherwise provided...." [3]

In turn, "the final order or determination made by the agency shall be made by the

---

1. IC 4–22–1–1 *et seq.* (Burns 1986).

2. "The superintendent may discharge, demote or temporarily suspend any employee of the department, for cause, after preferring charges in writing. Such charges may be based on any violation of the laws of the state of Indiana, or any violation of the regulations of the department which have been approved by the board.... Any employee so charged shall have a right to answer such charges in a personal appearance before the superintendent.... Pursuant to such charges and after such personal appearance disciplinary action taken by the superintendent shall be subject to review at a public hearing before the board if such hearing is demanded by the disciplined employee within fifteen (15) days after receiving notice of such disciplinary action....

Any employee who requests a hearing before the board as herein provided may be represented by counsel. The attorney-general shall appear in all such cases representing the interests of the people of the state of Indiana and the state shall carry the burden of proving any

charges giving rise to such hearing. The procedure in all hearings before the board shall be informal and without recourse to the technical common law rules of evidence required in proceedings in judicial courts. The board shall designate a reporter for said hearing and after all evidence has been introduced the board shall make an informal finding of facts and a determination based upon said facts.

\* \* \* \* \* \*

[A]ny employee aggrieved by such determination may seek judicial review by following the applicable provisions of the administrative adjudication and court review act." IC 10–1–1–6 (Burns 1981).

3. Alternatively, the ultimate authority may appoint an administrative law judge to conduct the hearing and prepare proposed findings of fact. IC 4–22–1–12. No such appointment was made in this case. Further, as we hold the summary procedure is not governed by the AAA, no appointment was necessary or appropriate.

ultimate authority of such agency...." IC 4-22-1-11 (Burns 1982). Thus, the AAA applies only to hearings and determinations, affecting rights, duties, obligations, privileges or other legal relations of any person, required or authorized by statute, held and made by the ultimate authority of any agency.

 The Superintendent is not the ultimate authority under the State Police Act. Any action taken by the Superintendent is "subject to review at a public hearing before the [State Police Board] ... [A]ny employee aggrieved by [the Board's] determination may seek judicial review...." IC 10-1-1-6. Thus, it is the Board's determination, not the Superintendent's, that constitutes an administrative adjudication which must comply with the AAA. The Superintendent's determination is not final; his hearing is not subject to the safeguards of the AAA. Instead, IC 10-1-1-6 provides an intradepartmental procedure whereby the Superintendent may discipline officers, with or without a hearing, upon the mere preferring of charges. In so doing, the Superintendent is exercising his authority as commanding officer to impose sanctions as he deems necessary, subject, however, to review by the Board and the courts. The AAA does not prohibit an agency from using the procedure employed by the Superintendent *prior* to an administrative adjudication with a full hearing. Thus Meeks's contention that the State Police Act is superceded by the AAA is without merit.

### B.

 Meeks argues that, even if the AAA does not repeal the State Police Act, his appearance before the Superintendent and the Superintendent's subsequent imposition of discipline violates his constitutional right to due process because the summary procedure did not afford him the right to counsel, the right to submit evidence, or the right to cross-examine witnesses. He erroneously claims this court so held in *Hixenbaugh v. Shettle* (1983), Ind.App., 452 N.E.2d 1045. In fact, this court agreed with Hixenbaugh's contention that the procedure employed by the Superintendent

"violated department regulations." 452 N.E.2d at 1049. In addition, this court said that "for such failure to constitute error it must also violate a statutory or constitutional right." 452 N.E.2d at 1050. The *Hixenbaugh* court found a constitutional violation but it was not in the Superintendent's action. Rather, it was the Board's delay in affording Hixenbaugh a full evidentiary hearing within a reasonable time after the Superintendent's action.

"Hixenbaugh's demotion and corresponding pay cut had been effective for over fourteen months before he was afforded a full evidentiary hearing. A delay of this length does not comply with our Supreme Court's requirement that a full hearing be held within a reasonable time after an initial determination has been made in a summary proceeding."

452 N.E.2d at 1045. Thus, *Hixenbaugh* does not support Meeks's argument the Superintendent's action violates due process.

In fact, his same argument was held unavailing in *Natural Resources Commission v. Sullivan* (1981), Ind.App., 428 N.E.2d 92. Sullivan, an employee of the Commission's Law Enforcement Division, was demoted by the Division Superintendent, with the approval of the Commission Director, subsequent to the filing of charges against him. An intradepartmental hearing was not held. Sullivan did, however, have a full hearing before the Commission which affirmed the action of the Division Superintendent. Sullivan's action for judicial review resulted in a judgment reversing the Commission's order and directing restoration of Sullivan's rank and pay. On appeal this court reversed the trial court's judgment and reinstated the Commission's order.

In reaching its decision this court first determined the statute under which Sullivan was demoted requires a finding of "cause" which invoked procedural due process protections of notice and hearing. Addressing Sullivan's claim of right to a pre-demotion hearing stemming from the constitutional dimensions of due process, this court said:

"As a general rule there must be some form of hearing before deprivation of a property interest may occur. The procedural requisites for such a hearing can vary depending on the importance of the interest involved and the nature of later proceedings ... The procedures therefore preferably include an effective opportunity to rebut charges before demotion but a later full administrative hearing will cure deficiencies in the predemotion proceedings...."

428 N.E.2d at 99. The *Sullivan* court did note the caveat expressed in *Grisell v. Consolidated City of Indianapolis* (1981), Ind.App., 425 N.E.2d 247, *i.e.*, the possibility an alleged deficiency in the summary procedure prejudiced the employee's later defense of the charges. In *Grisell* this court noted Grisell failed to allege the predemotion procedure prejudiced his subsequent, *de novo* administrative hearing and therefore limited its consideration to the adequacy of the administrative hearing.

As in *Sullivan,* the "for cause" language of the State Police Act imposes due process safeguards protecting Meeks from arbitrary action by the Superintendent. However, he received those due process safeguards in his *de novo* hearing before the Board following the Superintendent's actions. Meeks has not attacked the manner in which his administrative evidentiary hearing was conducted. Further, as in *Grisell*, Meeks has not alleged the results of his full administrative hearing were prejudiced by his appearance before the Super-

intendent.[4] Therefore, irrespective of the adequacy of his summary appearance before the Superintendent, Meeks has not suffered a deprivation of his due process protections.

## II.

Although, on appeal, Meeks does not attack the manner in which his full administrative hearing was conducted, he does complain of the delay between his disciplinary order, effective February 10, 1981, and his full administrative hearing, held August 17 and 18, 1986. However, he failed to present this issue in his motion to correct error and, therefore, it is not preserved for our consideration.[5] *Clarkson v. Department of Insurance* (1981), Ind.App., 425 N.E.2d 203, *trans. denied.*

Judgment affirmed.

BUCHANAN and ROBERTSON, JJ., concur.

4. In fact, the lack of prejudice to Meeks from the Superintendent's action is evidenced by the fact the Board overturned his action on two counts and, in addition, ordered only a five-day suspension. Nevertheless, Meeks indicates he has not received his back pay. If that is the case, it should be noted the Board ordered the Superintendent to "make the necessary corrections consistent with this finding in all records of the Department and to make any salary adjustments-necessary as a result of this finding." Record at 29.

5. As a point of interest, Meeks bases his argument on *Hixenbaugh v. Shettle* (1983), Ind.App., 452 N.E.2d 1045. There, this court, relying on *Wilson v. Review Board* (1979), 270 Ind. 302, 385 N.E.2d 438, *cert. denied* 444 U.S. 874, 100 S.Ct. 155, 62 L.Ed.2d 101 held the evidentiary

hearing which due process requires after a summary deprivation of a protected property interest must be afforded within a reasonable time. The *Hixenbaugh* court held a delay in excess of fourteen months between Hixenbaugh's demotion by the Superintendent of State Police and his full evidentiary hearing did not satisfy the reasonableness requirement of due process.

Here, however, the time lapse was approximately six months. Inasmuch as the Board review includes trial-like protections such as representation, discovery and cross-examination, good preparation demands time. Thus, a credible argument could be made that, without a showing of unjustifiable reasons for a delay of six months, it is not unconstitutionally lengthy *per se* and the mere assertion does not state a claim of constitutional deprivation.