In the Matter of the PATERNITY
OF S.B.A.

S.C.S., (Father), Appellant–Petitioner,

v.

B.R.A., (Mother), Appellee–Respondent.

No. 34A02–9405–CV–284.

Court of Appeals of Indiana,
Third District.

Jan. 19, 1995.

Daniel J. Gamble, Ellis, Gamble & Nolan, Kokomo, for appellant.

Donald J. Bolinger, Kokomo, for appellee.

## OPINION

STATON, Judge.

S.C.S. (Father) appeals from the trial court's grant of summary judgment dismissing his paternity action against B.R.A.

(Mother). In his appeal, Father raises three issues for our review which we consolidate into one and restate as follows: whether the trial court erred in dismissing Father's paternity action for failure to comply with the statute of limitations.

We reverse and remand.

S.B.A. was born out of wedlock to Mother and Father on May 4, 1983.[1] Father filed a petition to establish the paternity of S.B.A. on April 8, 1992. Mother filed a motion for summary judgment to dismiss Father's complaint for failure to comply with the statute of limitations. The motion was granted by the trial court and Father filed this appeal.[2]

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter* (1992), Ind., 596 N.E.2d 1369, 1371.

Where material facts conflict or undisputed facts lead to conflicting inferences, summary judgment is inappropriate, even if the court believes the nonmoving party will not succeed at trial. *Greathouse v. Armstrong* (1993), Ind., 616 N.E.2d 364, 366.

When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Collins v. Covenant Mut. Ins. Co.* (1992), Ind.App., 604 N.E.2d 1190, 1194.

Father contends that the trial court improperly granted Mother's motion for

1. Mother's parents, S.A. and G.A., were appointed co-guardians of S.B.A. on February 26, 1987.

2. The trial court entered the following order:
   1. [Father], petitioner herein, failed to timely bring this paternity action; and

2. No exception applies. Specifically, Petitioner's isolated purchase of ice capade ticket, and school books and gifts to child of clothing do not qualify as significant support of child. Record, p. 477.

summary judgment on the grounds that his paternity action did not comply with IND. CODE 31–6–6.1–6 (1994).

I.C. 31–6–6.1–6 provides in pertinent part:

A man alleging to be the child's father . . . must file an action within two (2) years after the child is born, unless:

(2) support has been furnished by the alleged father . . . either voluntarily, or under an agreement with:

(A) the mother;

(B) a person acting on the mother's behalf; or

(C) a person acting on the child's behalf

A petition must be filed within two (2) years after any of the above conditions ceases to exist.

Father argues that his paternity action was not barred by the statute of limitations because he voluntarily furnished support to S.B.A. during the two years prior to the filing of his suit.[3]

During this period, Father states that he provided the following support: $35.00 for school books; $40.00 for ice show tickets;

clothes; shoes; tickets to Wrestle Mania; a television set; a stereo; spending money; Christmas presents; and birthday presents. Appellant's Br. at 9.

Mother argues that these contributions to S.B.A. do not constitute support and were merely an attempt for Father to gain favor with the child.[4] However, Mother admits that Father gave her $30.00 for school books in 1989 but contends that this is the only money she ever received from Father for S.B.A. and has no knowledge of Father ever giving money directly to S.B.A.[5]

This court addressed a similar set of facts in *Tapp v. Haskins* (1974), 160 Ind.App. 117, 310 N.E.2d 288, *reh. denied, trans. denied.* In *Tapp*, a mother brought a paternity action against the alleged father. The trial court determined that the father had not furnished support for the child within two years of the filing of the paternity action and entered summary judgment for failure to comply with the statute of limitations. *Id.* at 289.

The facts in *Tapp* revealed that the alleged father gave the mother $150.00 for hospital bills when the child was born, purchased

---

**3.** Father also contends that Mother acknowledged under oath that he is the biological father of S.B.A. I.C. 31–6–6.1–6(4) provides that a man alleging to a child's father is not bound by the two year statute of limitations if the alleged father files his petition after the mother has acknowledged in writing that he is the child's biological father. Father concedes that Mother's acknowledgment was not in writing but Father argues that neither party dispute whether he is S.B.A.'s biological father and thus his petition should not be barred under the statute.

In construing a statute, we presume that the words appearing in the statute were intended to have meaning and we endeavor to give those words their plain and ordinary meaning absent a clearly manifested purpose to do otherwise. *Indiana Dept. of Human Services v. Firth* (1992), Ind.App., 590 N.E.2d 154, 157, *trans. denied.* The statute requires that the mother acknowledge that the father is the biological father in writing prior to the institution of the paternity suit. The record reflects no written acknowledgment by Mother prior to the filing of the suit. We therefore conclude that Father's claim under this exception is without merit.

**4.** A determination as to what constitutes support is to be evaluated on a case-by-case basis. Analyzing Acts 1941, ch. 112, § 6, p. 301, the predecessor of the current statute, I.C. 31–6–6.1–6, our supreme court noted:

[An agreement to provide] *adequate* provisions for the support of the child does not call for a definite amount of support, and of course, the word "adequate" within the meaning of the foregoing statute, must necessarily depend in each case upon the facts and circumstances surrounding each particular case, considered against the background of the purposes of the legislation, the object at which it aims, together with the amount of sums the alleged father has the ability to pay.

*Sullivan v. O'Sullivan* (1959), 130 Ind.App. 142, 162 N.E.2d 315, 319 (emphasis in original).

**5.** We note also that this court has upheld paternity actions in instances where minimal support was provided. See *H.W.K. v. M.A.G.* (1981), Ind.App., 426 N.E.2d 129 (paternity action not barred because there was substantial evidence of probative value from which one could conclude that support had been provided within the requisite period as father acknowledged that he bought the child "stuff" during the two year period prior to the suit which included clothes, boots, and $40.00); *Sullivan v. O'Sullivan, supra* (paternity action was brought within the statute of limitations because the father paid the mother $4.00 for support within the two years prior to the institution of her suit).

clothes for the child, and gave her $10.00 when she needed money. *Id.* at 289. Moreover, the alleged father saw the child on weekends, on holidays, and for two weeks during her summer vacation. *Id.* The alleged father contended that he did not pay support in the two years prior to filing the lawsuit but admitted purchasing a $35.00 bicycle for the child and giving the mother $10.00. *Id.* at 290. In reversing the trial court's grant of the alleged father's motion for summary judgment, this court concluded that the affidavits and evidence presented, together with the reasonable inferences drawn therefrom, presented a triable issue of fact which precluded summary judgment. *Id.* at 291.

We note again that where material facts conflict or undisputed facts lead to conflicting inferences, such a case is not one to be decided by summary judgment. *Greathouse, supra,* at 366.

The parties to this action presented conflicting facts regarding whether Father actually furnished certain monies, clothing, and gifts.[6] The parties also have a good faith disagreement as to whether such contributions actually constituted support. This case presents genuine issues of material fact which preclude summary judgment. *Tapp, supra,* at 291. For these reasons, we conclude that the trial court's grant of summary judgment in Mother's favor was inappropriate.

In accordance with the foregoing, we reverse the grant of summary judgment and remand to the trial court for further proceedings not inconsistent with this opinion.

BARTEAU and FRIEDLANDER, JJ., concur.

---

6. Our examination of the record further reveals an affidavit completed by S.B.A.'s grandmother, S.A., in which she stated that Father gave S.B.A. $40.00 in November 1991, purchased clothing for S.B.A. in February 1992, and purchased a television set for S.B.A. in March 1992. The record also contains an affidavit completed by S.B.A.'s grandfather, G.A., in which he stated that Father at no time gave him any money for the support of S.B.A.