EARL HOUK, DOING BUSINESS AS WESTERN NEBRASKA TRANSPORT SERVICE, ET AL., APPELLEES, v. W. W. BECKLEY ET AL., APPELLANTS.

72 N. W. 2d 664

Filed October 28, 1955. No. 33757.

*J. Max Harding* and *Bannister & Deines,* for appellants.

*Robert S. Stauffer* and *James E. Ryan,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an appeal from the Nebraska State Railway Commission, hereinafter called the commission. The basic question presented is whether or not the commission has jurisdiction of the parties and subject matter of the complaint. Preliminary to that issue there is presented the question as to whether or not the order entered by the commission is an appealable order. We hold that it is not, and dismiss the appeal.

This proceeding was initiated by formal complaint filed with the commission on June 16, 1954.

The complainants alleged that they were common carriers of property under authority issued by the Interstate Commerce Commission. They further alleged that "each conduct operations in the transportation of crude oil from various oil well batteries or storage tanks, located within the State of Nebraska, to one or more pipe line receiving stations, also located within the State of Nebraska, and that such operations are movements in interstate commerce."

The complaint alleged that the defendant Beckley holds common carrier authority issued by the commission, and also holds authority issued by the Interstate Commerce Commission under authority of the second

proviso of section 206(a) of the Interstate Commerce Act.

It is further alleged that the defendant Kinney holds neither interstate nor intrastate authority for the transportation of the commodities here involved.

It is further alleged that the certificate issued by the commission to defendant Beckley, and registered with the Interstate Commerce Commission, "is indefinite, ambiguous and uncertain in its terms and provisions; that said certificate does not authorize the transportation of crude oil in bulk, in tank vehicles from oil well batteries or storage tanks in Nebraska to pipe line receiving stations also located in the State of Nebraska"; and that he has permitted his authority issued by the commission to lapse and become dormant and "now holds no operating authority thereunder and specifically holds no operating authority for the transportation of petroleum and petroleum products, in bulk, in tank vehicles to from or between points in the State of Nebraska."

It is further alleged that defendants Beckley and Kinney have entered into a contractual arrangement under which they hold themselves out as and are soliciting and "performing service in the transportation of crude oil, in bulk, in tank vehicles, and from oil well batteries or storage tanks in Nebraska, to pipe line receiving stations also located in Nebraska; that such operations are being conducted by the said Defendants on a for-hire basis and without proper authority therefore (sic)"; that such is without authority of either the commission or the Interstate Commerce Commission; and that the services conducted by the defendants are competitive with those of the complainants and are not required by public convenience and necessity.

The complainants prayed that the certificate issued to defendant Beckley be interpreted and clarified; that the contract arrangements between the defendants be declared to be illegal; and that they be ordered to

"cease and desist all operations by motor vehicle as common carriers of petroleum or petroleum products, in bulk, in tank vehicles, between points in the State of Nebraska."

Defendant Kinney filed a motion to dismiss the complaint as to himself on the ground that, so far as the operations involved in the complaint are concerned, he is an employee of defendant Beckley.

Defendant Beckley filed a motion to dismiss, relying on the allegations above quoted, and contending that the "Commission has no jurisdiction over the parties, as interstate carriers, nor of the traffic allegedly being handled by defendant Beckley for the reason that both complainants are motor carries (sic) operating in interstate commerce and the operations of defendant, complained of herein are clearly and admittedly operations performed in interstate commerce." He contended that the allegations of the complaint above quoted constitute admissions that the traffic being handled is interstate commerce and that jurisdiction of the subject matter of the complaint lies with the Interstate Commerce Commission.

Oral argument was had on the motions. On October 20, 1954, the commission overruled the motions and ordered the defendants to answer or satisfy the complaint.

Defendant Kinney filed a motion to hold the complaint in abeyance as to himself until the issues presented by defendant Beckley were finally determined.

A motion for rehearing and reconsideration was filed by defendant Beckley.

On November 19, 1954, the motion for rehearing and reconsideration was overruled, and hearing on the complaint was ordered.

It is from that order that this appeal is taken.

Section 75-405, R. R. S. 1943, provides: "If any * * * common carrier * * * shall be dissatisfied * * * with the decision of the commission with reference to any * * * order * * * upon which there has been a hearing

before the commission, * * * such dissatisfied * * * common carrier * * * may institute proceedings in the Supreme Court of Nebraska to reverse, vacate, or modify the order complained of * * *."

Both complainants and defendants rely on this statute and our decisions construing and applying it.

The Supreme Court of the United States in Chicago & Southern Air Lines v. Waterman S. S. Corp., 333 U. S. 103, 68 S. Ct. 431, 92 L. Ed. 568, stated: "This Court long has held that statutes which employ broad terms to confer power of judicial review are not always to be read literally. Where Congress has authorized review of 'any order' or used other equally inclusive terms, courts have declined the opportunity to magnify their jurisdiction, by self-denying constructions which do not subject to judicial control orders which, from their nature, from the context of the Act, or from the relation of judicial power to the subject-matter, are inappropriate for review."

As stated in 42 Am. Jur., Public Administrative Law, § 196, p. 577, "Courts are averse to review interim steps in an administrative proceeding. Whether review is sought in nonstatutory or statutory proceedings, review of preliminary or procedural orders is generally not available, primarily on the ground that such a review would afford opportunity for constant delays in the course of administrative proceedings for the purpose of reviewing mere procedural requirements or interlocutory directions. Broad language of statutes providing for judicial review of orders of regulatory commissions has been construed as not extending to every order which the commission may make, and mere preliminary or procedural, as distinguished from final, orders have been held not to be within such statutes, especially where the context of the provision indicates that the orders for which review is provided are such as are of a definitive character dealing with the merits

of a proceeding and resulting from a hearing upon evidence and supported by findings."

We do not find where we have so stated the rule. Nevertheless in our decisions we have followed it generally. In In re Application of Neylon, 151 Neb. 587, 38 N. W. 2d 552, the commission entered an order without hearing or notice to interested parties. Later that order was held for naught and the matter set for hearing. The appeal was taken from this latter order. We held it was interlocutory and not appealable, stating: "As stated in Barry v. Wolf, 148 Neb. 27, 26 N. W. 2d 303: 'An order is not final when the substantial rights of the parties involved in the action remain undetermined and when the cause is retained for further action. In such a case, the order is interlocutory.'

"In view of our holdings herein we find the appeal to be premature and therefore is dismissed."

Complainants, as appellees, rely upon that decision.

The same question of whether or not an order of the commission was appealable was before us in In re Application of Airline Ground Service, Inc., 151 Neb. 837, 39 N. W. 2d 809. In the course of that opinion we said: "Surely no one could logically contend that the ruling of the commission to the effect that it had jurisdiction of the subject matter of the proceeding, standing alone, would not be a final as well as an appealable order."

The defendants, as appellants, rely on the language above quoted. However, it cannot be lifted and considered separate and apart from the facts and holding of that decision. In that case, a complaint had been filed and issues had been made. As stated in the opinion: "The railway commission referred the case to an examiner, who heard all the evidence and examined all the exhibits introduced into the record. The examiner reported his conclusions of law and fact to the commission. The commission on July 16, 1949, entered its interim order in which it is stated that a transcript of

the evidence cannot be obtained before August 15, 1949, and, asserting the existence of an emergency, upon due consideration of the portion of the transcript of the evidence which was available, along with the examiner's report and recommendation, the exceptions thereto, and the oral arguments and briefs filed, directed the respondents to forthwith cease and desist the use of starters, recruiters, or agents at the Omaha Municipal Airport, either directly or indirectly."

In the course of the opinion we said: "It is fundamental of course that the form of an order or the label placed upon it does not determine its character. It is the substance of the order which is controlling in determining its nature. In Columbia Broadcasting System v. United States of America, 316 U. S. 407, 62 S. Ct. 1194, 86 L. Ed. 1563, the court held: 'The ultimate test of reviewability is not to be found in an over-refined technique, but in the need of the review to protect from the irreparable injury threatened in the exceptional case by administrative rulings which attach legal consequences to action taken in advance of other hearings and adjudications that may follow * * *.' "

We held that the order was an appealable one, stating in the opinion: "This does not mean that a procedural or interlocutory order is reviewable. It simply means that any order meeting the conditions set forth in section 75-405 is reviewable, which involves a justiciable issue that is decisive of some subject matter of which the commission has jurisdiction and the power to enforce against any party to the proceeding. Under the provisions of section 75-416 the order takes effect from the time prescribed and continues in force for the time specified unless the order is annulled, revised, or modified by the commission, or set aside by a court of competent jurisdiction. This affords convincing proof that an interlocutory or procedural order incident merely to the natural course of the proceedings does not con-

stitute the subject matter of the proceeding and is not therefore reviewable."

In Doher v. Herman, 159 Neb. 438, 67 N. W. 2d 421, we considered whether or not a "minute entry" of the commission was a reviewable order. We quoted with approval our language in the Airline Ground Service case, *supra,* and also relied on the Neylon case, *supra.*

In the course of that opinion we also stated: "In Rochester Telephone Corp. v. United States, 307 U. S. 125, 59 S. Ct. 754, 83 L. Ed. 1147, involving statutes comparable in principle, the court listed several types of interstate commerce actions in which judicial review should be denied. The type primarily in point here is stated as: 'Where the action sought to be reviewed may have the effect of forbidding or compelling conduct on the part of the person seeking to review it, *but only if some further action is taken by the Commission.*' (Italics supplied.) Likewise, as stated in United States v. Los Angeles & Salt Lake R. R. Co., 273 U. S. 299, 47 S. Ct. 413, 71 L. Ed. 651, denying a right of review: 'The so-called order here complained of is one which does not command the carrier to do, or to refrain from doing, any thing; which does not grant or withhold any authority, privilege or license; which does not extend or abridge any power or facility; which does not subject the carrier to any liability, civil or criminal; which does not change the carrier's existing or future status or condition, which does not determine any right or obligation.'"

It thus appears that our decisions have been in accord with the rule stated in 73 C. J. S., Public Administrative Bodies and Procedure, § 186, p. 534: "Whether or not a decision is denominated an 'order,' it is not reviewable unless and until it imposes an obligation, denies a right, or fixes some legal relationship as a consummation of an administrative process * * *."

The Supreme Court of the United States in Chicago & Southern Air Lines v. Waterman S. S. Corp., *supra,*

held: "But administrative orders are not reviewable unless and until they impose an obligation, deny a right or fix some legal relationship as a consummation of the administrative process."

In United States v. Illinois Central R. R. Co., 244 U. S. 82, 37 S. Ct. 584, 61 L. Ed. 1007, petitions were filed before the Interstate Commerce Commission asking for damages against a common carrier for failure to furnish cars to meet a shipper's needs. The carrier by answer challenged the jurisdiction of the Interstate Commerce Commission to award damages. It was held that it had jurisdiction, and the cause was assigned for hearing upon the issue of reparation. When the matter reached the Supreme Court of the United States (by a procedure unlike ours), it was contended that the order of the commission was merely a notice of hearing and not a reviewable order. The court held: "The notice, therefore, had no characteristic of an order, affirmative or negative. It was a mere incident in the proceeding, the accident of the occasion—in effect, and, it may be contended, in form, but a continuance of the hearing. The fact that the continuance was to another day and place did not change its substance or give it the character described in Procter & Gamble Co. v. United States, one which constrained the railroad company to obedience unless it was annulled or suspended by judicial decree."

In Federal Power Commission v. Metropolitan Edison Co., 304 U. S. 375, 58 S. Ct. 963, 82 L. Ed. 1408, the Supreme Court of the United States in reviewing the above case said: "In United States v. Illinois Central R. Co., 244 U. S. 82, the Interstate Commerce Commission had made an order for a hearing upon an issue of reparation. The Railroad Company contended that the Commission had no jurisdiction to award damages in the case presented. A decree of the District Court, enjoining the Commission from proceeding with the hearing was reversed by this Court with directions to dis-

miss the petition. The 'order' was not of the sort which brought it within the purview of the statute. It was a mere step in procedure."

In accord with these decisions, including our own, we hold that the order entered here was procedural and interlocutory in character, and hence was not an appealable order.

The appeal is accordingly dismissed.

APPEAL DISMISSED.