CARL F. DOWNING ET AL. *v.* BOARD OF ZONING APPEALS OF WHITLEY COUNTY ET AL.

[No. 171A5. Filed November 8, 1971.]

*William D. Swift, Higgins & Swift,* of Fort Wayne, for appellants.

*John W. Whiteleather, Jr., Whiteleather & Whiteleather,* of Columbia City, for appellees.

BUCHANAN, J.—STATEMENT OF THE CASE AND FACTS—This is an appeal from the Whitley County Circuit Court which upheld a decision of the Board of Zoning Appeals of Whitley County granting a preliminary approval of an application for a special exception.

Defendants-appellees, Norman and Priscilla Smith, were the owners of approximately 34.3 acres of land lying north of U.S. Highway 30 in Whitley County, Indiana. This real estate was the subject of an agreement to purchase by defendant-appellee, Columbia East, Inc. (Columbia East), for development as a mobile home park.

Columbia East filed an application for a special exception and an application for variance from the A-1 Agricultural classification of this land. The Whitley County Zoning Ordinance provides that mobile home parks may be located in an A-1 Agricultural District if a special exception is granted by the Board of Zoning Appeals (the Board).

The application presented by Columbia East included only the real estate located north of U.S. Highway 30 and did not include the land south of Highway 30, which was intended to be used for location of a sewage treatment plant to serve the mobile home park. The Whitley County Zoning Ordinance requires that sewage treatment plants must also obtain a special exception.

After consideration of all the information and evidence presented, it was announced by the Board at the hearing held March 31, 1970, that a yes vote would indicate preliminary approval only, and after the plans and specifications for the development of the proposed mobile home court had been completed and approved by the appropriate agencies, they have to be returned to the Board of Zoning Appeals for final approval. (Tr. p. 63, lines 15-18.) The Board then voted in favor of the applicants and granted a *preliminary* approval subject to the announced conditions.

Plaintiffs-appellants, Carl F. Downing et al. (Downing), owners of real estate in the area, appealed by filing a Writ of Certiorari in the Whitley Circuit Court. The Writ was granted and the court found that the decision of the Board was lawful. Downing's subsequent Motion to Correct Errors was overruled.

*ISSUE*—The issue presented for review is whether the decision of the Whitley County Board of Zoning Appeals to issue a preliminary special exception was lawful and if so, whether it is reviewable as a final decision.

Downing contends, and assigns as error, that the Board of Zoning Appeals' decision was an abuse of discretion because the preliminary special exception was granted without a provision for sewage treatment; that the County Commissioners intended that no exception could be granted until the County Subdivision Control Ordinance was enacted; that there was no showing of compliance with the County Zoning Ordinance; and that the Board arbitrarily issued its approval.

The Board contends that Downing's appeal is premature as the conditional approval granted was preliminary and not final.

Downing's Motion to Correct Errors presupposes a final order. Unless a final order is established, the Motion need not be discussed.

*DECISION*—It is our opinion that the action taken by the Board was simply a preliminary order, lacking the necessary element of finality, and is not judicially reviewable.

Although there is no Indiana authority on the exact issue before us, federal case law is extensive.

Courts are reluctant to review interim steps of an administrative body which are not, or have not become final. *Rochester Telephone Corp.* v. *U.S.* (1939), 307 U.S. 125, 59 S. Ct. 754, 83 L. Ed. 1147; *Houk* v. *Beckley* (1955), 161 Neb. 143, 72 N. W. 2d 664; 73 C. J. S. *Public Administrative Bodies* §§ 186, 189. Such review would only delay the administrative process, thereby rendering administrative authority ineffectual.

For a decision of a board of zoning appeals to be judicially reviewable, it "must have an element of finality to it and

must be a completed action in the matter under consideration. In addition, it is necessary that all proper procedural steps be taken in connection with the appeal . . ." 2 *Yokley, Zoning Law and Practice* 359, § 18-6 (3d ed. 1965).

"Final order" means an order ending the proceedings, leaving nothing further to be accomplished. *Noeding Trucking Co.* v. *U.S.* (D.C. 1939), 29 F. Supp. 537. Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action. *Houk* v. *Beckley, supra.* Generally, judicial review is denied for lack of finality if an action by an administrative agency is only anticipated. Review will also be denied when action has been taken if the matter is still pending final disposition of interim steps. *Boston & Maine R.R. Co.* v. *U.S.* (1958), 358 U.S. 68, 79 S. Ct. 107, 3 L. Ed. 2d 34; *Delaware & Hudson Co.* v. *U.S.* (1924), 266 U.S. 438, 45 S. Ct. 153, 69 L. Ed. 369.

The decision must impose an obligation or deny a right as a *consummation* of the administrative process. *C. & S. Air Lines* v. *Waterman Corp.* (1948), 333 U.S. 103, 68 S. Ct. 431, 92 L. Ed. 568.

The Indiana statutory provision controlling this matter allows review by certiorari of "[e]very decision of the board of zoning appeals . . ." I.C. 1971, 18-7-5-87, Ind. Ann. Stat. § 53-783 (1964 Repl.). When considering similar language in the Administrative Adjudication Act of Indiana, I.C. 1971, 4-22-1-14, Ind. Ann. Stat. § 63-3014 (1961 Repl.), our Supreme Court held that general language allowing review of "any order or determination" relates only to a final decision. The court reasoned that to hold otherwise would leave a void in the statutes as to what proceedings, if any, could be judicially reviewed. *State ex rel. Calumet National Bank of Hammond* v. *McCord et al.* (1962), 243 Ind. 626, 189 N. E. 2d 583. Thus, preliminary or procedural orders, as distinguished from

final orders, are not within the meaning of such general language. *C. & S. Airlines* v. *Waterman Corp., supra;* *Federal Power Comm'n* v. *Metropolitan Edison Co.* (1938), 304 U.S. 375, 58 S. Ct. 963, 82 L. Ed. 1408.

The statute applicable to the Indiana Public Service Commission allows appeals only from a final decision of the Commission. I.C. 1971, 8-1-3-1, Ind. Ann. Stat. § 54-443.

In the case before us the action taken by the Board was not a final determination. It was only in anticipation of a possible future decision. Even Downing's brief refers to the Board's action as a preliminary approval for a special exception. The matter was still pending and the cause retained by the Board so that certain interim steps could be taken by Columbia East, which would include filing an application for a sewage treatment plant. The Board itself explained the preliminary nature of these proceedings when it announced that a yes vote would indicate temporary approval only, and *if* the mobile home park plans were completed, and *if* they were approved by the appropriate agencies, then the applicants could return to the Board for *final* approval.

Construction could not be commenced by Columbia East until it obtained final approval. Consequently, it cannot be said that Downing was prejudiced by a preliminary decision which required Columbia East to finalize its plans in order to determine whether they complied with the Whitley County Zoning Ordinance. Such step-by-step procedure is a practical necessity in harmony with sound zoning practice and the realities of the business community.

Until an administrative order is finalized, it is impossible for a complainant to show such irreparable injury as would warrant judicial review. *Public Utilities Commission* v. *Saco River Telegraph & Telephone Co.* (1937), 135 Me. 68, 189 A. 186; *Thomas* v. *Ramberg* (1953), 240 Minn. 1, 60 N. W. 2d 18.

No harm can come to Downing until the Board's decision

is finalized. If it is unlawful, then it may be reviewed. Until such time, however, seeking review of the Board's preliminary approval is somewhat like crying "Wolf!" when that devourer of sheep is only rumored to be in the neighborhood.

We therefore conclude that the decision of the Board was lawful. Because of the preliminary nature of the order, it is not a proper matter for judicial review. *Wisconsin Telephone Co.* v. *Wisconsin Employment Relations Board* (1948), 253 Wis. 584, 34 N. W. 2d 844; *cf. State ex rel. Calumet National Bank of Hammond* v. *McCord et al., supra.*

Although the trial court's result was correct, certiorari should not have been granted because the Board's order was not reviewable. The decision is therefore moot.

Sullivan, P. J., Lowdermilk and Robertson, JJ., concur.

NOTE.—Reported in 274 N. E. 2d 542.