Charles O'ROURKE, a Minor by Charles O'Rourke, His Father Next Friend, Plaintiff-Appellant,

v.

Dr. E. R. EDMUNDS, Superintendent Parkway School District, et al., Defendant-Respondent.

No. 44165.

Missouri Court of Appeals, Eastern District, Division Three.

March 16, 1982.

Robert D. Benjamin, Bonnie J. Miller, Clayton, for plaintiff-appellant.

Thomas E. Tueth, Schreiber & Tueth, Clayton, for defendant-respondent.

SNYDER, Judge.

This is an appeal from a judgment dissolving appellant's temporary injunction and denying appellant's petition for a permanent injunction to restrain respondent from holding an expulsion hearing. Appellant claims respondent did not have jurisdiction to commence expulsion proceedings because appellant was not a pupil in the Parkway school district at the time the expulsion proceedings were started. In the alternative, appellant argues that appellant's decision not to return to Parkway West Senior High School removed respondent's jurisdiction to expel appellant. The judgment is affirmed.

Appellant had been a full time student in Parkway District schools in St. Louis County from the 1975–1976 school year through the 1979–1980 school year. Appellant completed his junior year at Parkway West Senior High School on June 5, 1980.

On June 8, 1980 Parkway West Senior High was vandalized. On August 4, 1980 respondent initiated expulsion proceedings against appellant pursuant to § 167.161, RSMo 1978[1], alleging that he committed the vandalism. The parties agreed that appellant would not return to Parkway West until the Parkway Board of Education (Board) ruled on the expulsion.

The hearing on the expulsion was set for August 26, 1980, but continued to September 4, 1980 at the request of appellant's counsel. On that day, appellant filed a petition for an injunction claiming that respondent had no jurisdiction to expel appellant because appellant was not a pupil in Parkway schools during the summer months. The trial court issued a temporary injunction restraining Dr. E. R. Edmunds, superintendent of the Parkway School District from proceeding with the expulsion hearing.

On September 6, 1980, appellant informed respondent that he would never return to Parkway schools as a student.

After a hearing, the trial court dissolved the temporary injunction, holding that appellant was a pupil subject to the jurisdiction of the school district because he had not withdrawn prior to the commencement of the expulsion proceedings. The trial court also held that an injunction would not lie because appellant had an adequate remedy at law through the administrative appeal process.

This court determines that it should not reach appellant's claims because injunctive relief would be premature at this stage of the proceedings. Until the Board makes a final determination, judicial relief is not available. *Boston & Maine R. Co. v. United States*, 358 U.S. 68, 72, 79 S.Ct. 107, 109, 3 L.Ed.2d 34 (1958); *Thomas v. Ramberg*, 240 Minn. 1, 60 N.W.2d 18, 20, 21 (1953); *Houk v. Beckley*, 161 Neb. 143, 72 N.W.2d 664, 666 [2, 3] (1955); 2 Am.Jur.2d Administrative Law § 586 (1962).

No final decision exists here. The Board has yet to rule either on its jurisdiction or the merits. The Board may agree with appellant that he was not a pupil and not even reach the merits. Under these circumstances, judicial intervention is premature.

Refusing to grant injunctive relief at this time will not cause appellant irreparable harm or deny appellant an adequate remedy. Should the Board rule against appellant, he may challenge the Board's jurisdiction through judicial review under the Administrative Procedure and Review Act. § 536.140.2(2); Rule 100.07(b)(2). Assuming arguendo Parkway lacks jurisdiction the

---

1. All statutory citations are to RSMo. 1978.

Administrative Procedure and Review Act also preserves any other remedies available prior to the act to challenge a void order. § 536.100.

Appellant cites three cases to support its contention that an injunction should lie. *King v. Priest*, 357 Mo. 68, 206 S.W.2d 547 (banc 1947); *Lemasters v. Willman*, 281 S.W.2d 580 (Mo.App.1950); *State ex rel. Brokaw v. Board of Education of the City of St. Louis*, 171 S.W.2d 75 (Mo.App.1943). In all three cases, however, the agency had already made a final determination before the commencement of the action. The cases are therefore distinguishable.

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.