**FARMINGTON R–VII SCHOOL DISTRICT, Respondent,**

v.

**Terry C. ALLEN, William F. Ringer, Herbert L. Ford, and Walter Douglas, Appellants,**

**and**

**International Brotherhood of Electrical Workers, AFL–CIO, Local Union No. 1 and Sheet Metal Workers International Association, AFL–CIO, Local No. 36, Appellants-Intervenors.**

Nos. 47737, 47738.

Missouri Court of Appeals, Eastern District, Southern Division.

July 24, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1984.

Application to Transfer Denied Oct. 9, 1984.

John Ashcroft, Atty. Gen., Carl S. Yendes, Asst. Atty. Gen., Jefferson City, Charles A. Werner, Marilyn S. Teitelbaum, Schuchat, Cook & Werner, St. Louis, for appellants.

John L. Oliver, Jr., Oliver, Oliver, Waltz & Cook, Cape Girardeau, for respondent.

CRIST, Presiding Judge.

Consolidated appeals from a wage determination. The trial court found a wage determination had been made by agreement between respondent (school district) and the Division of Labor Standards (Division). We affirm in part, reverse in part and remand for a hearing on the wage determination.

On July 15, 1982, school district's architectural firm requested a wage determination from the Division, pursuant to Chapter 290 RSMo 1978. On August 10, 1982, the Division issued wage determination 3–095–001. On August 16, 1982, school district filed an objection to this wage determination with the Missouri Labor and Industrial Relations Commission (Commission). The Commission scheduled a hearing on the objection for September 18, 1982.

On September 13, 1982, attorneys for the school district and the Division reached a settlement on the wage determination. As a result, the Commission cancelled the scheduled hearings. On September 14, 1982, the Division issued wage determination 3–095–005, pursuant to the settlement between the school district and the Division. School district, assuming the wage determination was final, issued a contract addendum incorporating 3–095–005. On September 22, 1982, however, six parties filed objections to wage determination 3–095–005. The school district did not learn of the objections until October 4, 1982. The Commission set hearings on these objections for November 18, 1982.

In the meantime, school district withdrew its objection to wage determination 3–095–001, opened bids and entered into a contract for the construction of a school building. Construction began in mid-October, after the school district knew of the objec-

tions to wage determination 005. On October 27, 1982, school district filed a motion to dismiss objections to wage determination 005. The school district alleged the Commission lacked jurisdiction because of the September 13, 1982 settlement between school district and the Division. Hearings on the objections to wage determination 005 and the school district's motion to dismiss were scheduled for November 15, 1982.

On November 5, 1982, the Division issued a third wage determination, 3–095–007. The contractors and union withdrew their objections to wage determination 005. On November 22, 1982, school district filed an objection to wage determination 007, and again moved to dismiss for want of jurisdiction. On November 30, 1982, the Commission set December 13, 1982 as the date of hearings on school District's objections to wage determination 007.

On December 3, 1982, school district *ex parte* filed a verified petition in circuit court to remove the case from the Commission pursuant to § 536.100 RSMo 1978. School district named each Commissioner and the director of the Division as defendants. On the same day, without a hearing, the circuit court ordered the cause removed to its jurisdiction, because of the "reasonable delay" school district experienced having its wage determination action pending since August 23, 1982. We assume the circuit court intended its order to read "*un*reasonable delay" as required by § 563.-100, rather than "reasonable" delay.

On December 13, 1982, appellants filed motions to vacate the order of removal and to dismiss. At the hearing on these motions, two labor unions were allowed to intervene in the action as defendants. Appellants' motions were denied. Subsequent efforts to remand the case to the Commission by writs of prohibition filed in this court and the Missouri Supreme Court were unsuccessful.

On March 22, 1983, the school district filed a motion for a bifurcated trial. The

school district sought an initial determination as to whether wage determination 005 was a final decision of the Commission upon the prevailing wage rates for the project. If the decision was not final, the second part of the trial would consist of the trial court's determination of the appropriate prevailing wage rate.

On July 1, 1983, the Missouri Attorney General, on behalf of the Division, filed a petition for a temporary restraining order, and preliminary and permanent injunctions against the school district and its contractors. The attorney general alleged violations of wage determination 007 and sought to stop construction of the school. School district filed an answer, but contractors did not. The temporary restraining order was denied, and the petition for injunction was consolidated with the wage determination case, set for hearing on July 26, 1983.

On July 26, 1983, the first part of the bifurcated trial was held. The circuit court's amended order of August 25, 1983 found the September 13, 1982 settlement between the Division and school district binding, and concluded wage determination 005 was the prevailing wage rate. The court ordered the injunction sought by the attorney general dismissed.

Appellants raise five points in their appeal. In their first two points, they assert the circuit court erred in removing the case from the Commission to the circuit court without a hearing, contrary to § 536.120 RSMo 1978, the Fourteenth Amendment to the United States Constitution, and Article I, Section 10 of the Missouri Constitution.

The school district filed a verified petition alleging facts tending to show unreasonable delay on the part of the Commission. Appellants were duly notified of the trial court's December 3, 1982 removal order. Labor unions were permitted to intervene. Appellants' motions to vacate the circuit court's order of removal were filed and argued on December 13, 1982, and denied on December 16, 1982. The record on appeal does not show what evidence was presented at this hearing. Evidence presented at trial, however, confirms the Commission permitted unreasonable delay. When the school district objected to wage determination 001, the Division issued wage determination 005. After the Commission received objections to 005, the Division issued wage determination 007. The chairman of the Commission testified there was nothing to prevent the Division from continually re-issuing wage determinations.

Section 536.100 RSMo 1978, which allows the circuit court to remove administrative actions based on unreasonable delay, does not provide a procedure for removal. We find no lack of due process, however, in the procedure used by the circuit court. There is no question certain due process rights attach to administrative proceedings. *Greater Garden Ave. Area Ass'n v. City of Webster Groves*, 655 S.W.2d 760, 764 (Mo.App.1983). Notice and an opportunity to be heard must be provided by the state in a meaningful manner prior to the deprivation of a protected interest. *State ex rel. Williams v. Marsh*, 626 S.W.2d 223, 230 (Mo. banc 1982). The Commission, however, as a governmental agency, is not a "person" within the protection of the due process clause. *See State ex rel. Brentwood School District v. State Tax Commission*, 589 S.W.2d 613, 615 (Mo. banc 1979). Furthermore, the circuit court's removal of this case does not deprive the Commission nor the intervenors of any protected interest. The order of removal merely transferred jurisdiction from the Commission to the circuit court, pursuant to § 536.100. In any event, notice was given and a hearing was subsequently held on December 13, 1983. Removal of state cases to federal courts are handled in a similar manner. 28 U.S.C. § 1446(a) (1982); *Quick Erectors, Inc. v. Seattle Bronze Corp.*, 524 F.Supp. 351, 354–55 (E.D.Mo.1981).

In their third point, appellants assert the circuit court erred in finding the settlement of September 13, 1982 between the school district and the Division binding. There was substantial evidence attorneys for the school district and the Division

agreed to a final settlement, and the attorney for the Commission consented thereto. The Commission and the Division, however, had no authority to effect such a settlement. Section 290.260 RSMo 1978 sets forth specific procedural guidelines with respect to wage determination cases. This section allows any person who is affected by a wage determination to object by filing written notice with the Commission within 30 days. School district objected to wage determination 001, and as a result, the Division issued wage determination 005. The effect of finding wage determination 005 a binding settlement between the school district and the Division is to deny the intervenors their statutory right to object. We agree with appellants' assertion wage determination 005 was not a binding and final settlement.

In their fourth point, appellants assert the trial court erred in determining the prevailing wage rate to be the same as wage determination 005. The circuit court ordered a bifurcated trial. Because the court found wage determination 005 was a final settlement, it did not reach the second issue, the prevailing wage rate. The parties were not given an adequate opportunity to present evidence on this issue. Since we hold wage determination 005 was not a final settlement, the determination of a prevailing wage must still be made.

Since the prevailing wage rate must still be determined, the attorney general's petition for an injunction was properly denied. The cause was removed from the jurisdiction of the Commission. No final decision was made. Under these circumstances, there is no basis for an injunction. *See O'Rourke v. Edmunds*, 631 S.W.2d 683, 684 (Mo.App.1982).

We do not agree with intervenors' contention they cannot be assessed costs. *See Whitener v. Turnbeau*, 602 S.W.2d 890, 894 (Mo.App.1980). The ultimate question of liability for costs, however, should be determined by the trial court at the conclusion of the hearing on the prevailing wage rate.

Accordingly, that part of the judgment finding: (1) a final settlement was effected; (2) wage determination 005 constituted the prevailing wage rate; and (3) the intervenors are liable for all costs is reversed. The judgment in all other respects is affirmed. The cause is remanded to the trial court for a hearing to determine the prevailing wage rate. The trial judge will assess costs at the conclusion of the hearing. Costs of this appeal are assessed one-half to the school district and one-half to the intervenors.

Judgment affirmed in part, reversed in part and remanded for hearing on wage determination and costs.

STEPHAN and GAERTNER, JJ., concur.