IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

FILED

June 25, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

JOHN CLARENCE HOWARD, JR.,          ) C/A NO. 03A01-9811-CV-00374
                                    )
    Plaintiff-Appellant,            ) HAMILTON CIRCUIT
                                    )
v.                                  ) HON. L. MARIE WILLIAMS,
                                    ) JUDGE
LINDA JOYCE KEATON HOWARD,          )
                                    ) AFFIRMED AND
    Defendant-Appellee.             ) REMANDED

ROBERT P. RAYBURN, Chattanooga, for Plaintiff-Appellant.

JOHN M. HIGGASON, JR., Chattanooga, for Defendant-Appellee.

**O P I N I O N**

Franks, J.

    In this ongoing dispute over child support, the father appeals from the Trial Court's Order establishing child support at $1,413.02 per month for the remaining minor child, and questions the Court's finding that the father was in contempt of court for failing to pay medical bills and make timely support payment, and the award of attorney's fees to the mother.

    The parties were divorced on March 22, 1990, and child support was awarded for the parties' two minor children. The Trial Court heard matters brought before the Court by petitions on June 8, 1998. At trial, the father testified extensively about his income. He testified that his adjusted gross income for 1997, as reflected by his federal income tax return, was $57,304.00. This amount reflected income as an employee of Allstate Insurance Company in the amount of $89,365.00, taxable interest

of $417.00, rental income of $62.00, and assigned risk income of $222.00, less a business loss of $32,762.00. The business loss was from his sole proprietorship called J.C.H. Enterprises, which the father testified was his sports card business. The gross receipts for that business were $1,140,866, and the cost of goods sold was $1,092.556, which left a gross profit of $48,310.00. The father then subtracted expenses of $81,072.00 from that gross income, leaving a loss of $32,762.00.

The father testified that his wife, Bethany Howard, is an employee of J.C.H. Enterprises, and that the business expense item of $29,713.00 was a portion of her salary. He further testified that he runs his sports card business out of the same office with his insurance business, and that his wife works for both businesses. The wife did not testify, and there was no testimony about the wife's labor for the sports card business. The father testified in detail about what his wife did on his behalf for Allstate. He testified that he needs a support staff because his office is open from 9 a.m. to 5 p.m., Monday through Friday, and Saturday by appointment. He testified that he needs someone in the office while he is not, and that his wife has been fulfilling this role for the past seven years, although she was not getting paid until 1997.

The Trial Judge refused to deduct the business loss from the father's net income. The Court ordered child support obligations for the adult child terminated, and then determined that the guideline amount for the remaining child from the income as found by the Court would be $1,159.00 per month, but having found criteria for upward deviation, i.e., the father not exercising standard visitation with the child, the Court ordered an upward deviation from the child support guidelines in the amount of $255.00 per month, for a total support obligation of $1,413.02.

The Court then found the father in contempt for failure to pay certain medical bills and for failure to make timely child support payments, and also ordered

2

the father to pay the $3,000.00 attorney's fee incurred by the mother.

Our standard of review in cases tried by the Court without a jury is *de novo* upon the record of the Trial Court, accompanied by a presumption of correctness of the Trial Court's findings, unless the evidence preponderates otherwise. T.R.A.P. Rule 13(d). *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. App. 1983).

"Determining the amount of the non-custodial parent's income is the most important element of proof in a proceeding to set child support. This is the case both when setting initial support and when considering requests for modification of an existing support obligation." *Turner v. Turner*, 919 S.W.2d 340, 344 (Tenn. App. 1995). The child support guidelines define gross income as:

> all income from any source (before taxes and other deductions), whether earned or unearned, and includes but is not limited to the following: wages, salaries, commissions, bonuses, overtime payments, dividends, severance pay, pensions, interest, trust income, annuities, capital gains, benefits received from the Social Security Administration, i.e., Title II Social Security benefits, workers compensation benefits whether temporary or permanent, judgments recovered for personal injuries, unemployment insurance benefits, gifts, prizes, lottery winnings, alimony or maintenance, and income from self-employment.

Tenn. Comp. R. & Regs. Ch. 1240-2-4-.03(3)(a).

> The guidelines then provide:

> Income from self-employment includes income from business operations and rental properties, etc., less reasonable expenses necessary to produce such income. Depreciation, home offices, excessive promotional, excessive travel, excessive car expenses, or excessive personal expenses, etc., should not be considered reasonable expenses.

> *Id.*

Once gross income is determined, the trial court must then determine net income and any grounds for deviation, and set the child support accordingly. *See* Tenn. Comp. R. & Regs. Ch. 1240-2-4-.03(4), (5) and Ch. 1240-2-4-.04.

The Trial Court determined the father's gross income from Allstate

Insurance Company as reflected on his W-2 form to be $94,011.52. This amount added to the father's other taxable income, brought the total to $94,717.52. The Trial Court then found that the father realized no income as a self-employed individual, because his claimed expenses exceeded his income from the business. In reaching this result, the Court said "The Court has insufficient proof to determine whether the various expenses claimed were reasonable or not." Under the guidelines, where the obligor has income from self-employment, the burden is upon the obligor to show that any expenses he deducts from that income is a reasonable expense necessary to produce the income. We agree with the Trial Judge that the father has not carried that burden as to the reasonableness of the expenses claimed. T.R.A.P. Rule 13(d).

Next, the father insists the Trial Court erred in ordering an upward deviation in his child support obligation, because this issue was not explicitly raised in the pleadings.

"In determining whether or not a judgment is beyond the scope of the pleadings, these pleadings must be given a liberal construction with all reasonable intendments taken in favor of the judgment. The policy underlying the rule seems to be that since the purpose of pleadings is to give notice to all concerned regarding what may be adjudicated, a judgment beyond the scope of the pleadings is beyond the notice given the parties and thus should not be enforced." *Brown v. Brown*, 281 S.W.2d, 492, 497. In this case the father's Petition to Modify contained the following language:

> The Petitioner avers that since the entry of the Court's Order dated June 6, 1997, there has been a substantial, significant and material change or variance in the Petitioner's income of more than fifteen (15%), which justifies a decrease in guideline child support pursuant to TCA 36-5-101. Accordingly, the Petitioner prays for an order from this Court modifying this obligation for guideline child support to comport with his present level of income.

Based on the father's pleading, the parties had notice that the amount of child support was in dispute pursuant to Tenn. Code Ann. § 36-5-101. Tenn. Code

4

Ann. § 36-5-101(a)(1) (Supp. 1998) provides in relevant part:

> In cases involving child support, upon application of either party, the court shall decree an increase or decrease of such allowance when there is found to be a significant variance, as defined in the child support guidelines . . . , between the guidelines and the amount of support currently ordered unless the variance has resulted from a previously court-ordered deviation from the guidelines and the circumstances which caused the deviation have not changed.

The child support guidelines then state that they "shall be applicable in any action brought to establish or modify child support," and define a significant variance as a 15% difference between the guideline support and the current support order. Tenn. Comp. R. & Regs. Ch. 1240-2-4-.02(3). The guidelines define gross and net income, then give the percentages of net income that should be paid in child support, depending on the number of children. Tenn. Comp. R. & Regs. Ch. 1240-2-4-.03. After listing the percentages, the guidelines state, "After this calculation is made, if there are no changes to be made pursuant to paragraph 1240-2-4-.04 below, then this is the amount of the child support award." The paragraph referred to states in relevant part:

> (1) Since these percentage amounts are minimums, the court shall increase the award calculated in Rule 1240-2-4-.03 for the following reasons:
> . . .
> (b) If the child(ren) is/are not staying overnight with the obligor for the average visitation period of every other weekend from Friday evening to Sunday evening, two weeks during the summer and two weeks during holiday periods throughout the year, then an amount shall be added to the percentage calculated in the above rule to compensate the obligee for the cost of providing care for the child(ren) for the amount of time during the average visitation period that the child(ren) is/are not with the obligor [reference 1240-2-4-.02(6)].

Tenn. Comp. R. & Regs. Ch. 1240-2-4-.04(1).

Thus, determining the proper amount of support under the guidelines requires an examination of the criteria for deviation in Ch. 1240-2-4-.04, which criteria include less than average visitation. The father had asked the Court to

5

determine the proper amount of support under the guidelines based on his current income. That request of necessity required the Court to look at the criteria for deviation to determine that proper amount of support. We find this issue to be without merit.

The record establishes that the father has not visited with his children in three or four years, and we affirm the Trial Judge ordering a deviation to compensate for that lack of visitation. *See Dwight v. Dwight*, 936 S.W.2d 945 (Tenn. Ct. App. 1996).

The Trial Judge properly found the husband in contempt for failing to pay medical bills and make timely support payments, which was in the Trial Court's discretion. *See Sherrod v. Wix,* 849 S.W.2d 780, 786 (Tenn. App. 1992) We find no abuse of discretion, and the evidence does not preponderate against the Trial Judge's factual findings to support contempt. T.R.A.P. Rule 13(d).

The Trial Court in the decree ordered the father to pay the reasonable attorney's fees incurred by the mother, and directed her attorney to file an affidavit with the Court, which he did, detailing the hours spent on the case. The Trial Judge then set the fee at $3,000.00 in a subsequent order.

The father contends there is no statutory basis to award these fees, and that he was not afforded the opportunity to cross-examine the other attorney, and to present proof on the issue. We do not find any motion or request in the record that the Trial Court conducted an evidentiary hearing on the issue of attorney's fees, and based upon this record, the amount awarded is reasonable.

Attorney's fees are appropriate in a case to enforce a child support decree. We have applied this rule, whether the party requesting such fees is bringing the action or successfully defending the action. We said in *Sherrod*, 849 S.W.2d 785:

> [T]rial courts may award attorney's fees without proof that the requesting party is unable to pay them as long as the award is just

6

and equitable under the facts of the case.  The purpose of these awards is to protect the children's, not the custodial parent's, legal remedies.  Accordingly, requiring parents who precipitate custody or support proceedings to underwrite the costs if their claims are ultimately found to be unwarranted is appropriate as a matter of policy.

In this case, the mother successfully defended the father's petition to decrease child support which was the second time the mother came to court to defend.  She was also successful in enforcing the child support award under the guidelines.  We find no abuse of discretion in awarding the mother her reasonable attorney's fees.

The cost of the appeal is assessed to the appellant, and the cause remanded.


———
_____
Herschel P. Franks, J.


CONCUR:



_____
Houston M. Goddard, P.J.



_____
Hon. H. David Cate, Sp.J.

7