**LIGHTPOINT IMPRESSIONS, LLC, Appellant/Petitioner,**

v.

**METROPOLITAN DEVELOPMENT COMMISSION OF MARION COUN-TY, Indiana, Appellee/Respondent.**

No. 49A02–1004–MI–435.

Court of Appeals of Indiana.

Dec. 16, 2010.

Robert S. Daniels, David J. Duncan, Tabbert Hahn Earnest & Weddle, LLP, Indianapolis, IN, Attorneys for Appellant.

Beth A. Dale, Assistant Corporation Counsel, Indianapolis, IN, Attorney for Appellee.

## OPINION

BRADFORD, Judge.

Appellant/Petitioner Lightpoint Impressions, LLP, appeals from the trial court's grant of summary judgment in favor of Appellee/Respondent the Metropolitan Development Commission of Marion County ("the MDC"). Lightpoint contends that the MDC lacked jurisdiction to hear its appeal from the decision of the Lawrence Board of Zoning Appeals ("the Lawrence BZA") and that, even if the MDC did have jurisdiction, the decision by the administrator of the MDC to appeal from the decision was arbitrary and capricious as a matter of law. As an initial matter, we conclude that the MDC may hear appeals from decisions of the Lawrence BZA as a matter of law. We further conclude, however, that the record does not clearly establish that the MDC has issued a final appealable decision in this case, denying us and the trial court the power to address the merits of Lightpoint's appeal. Even in the event that the MDC did issue a final decision, we conclude that the trial court has not, so far, employed the proper standard of review. Consequently, we affirm in part, reverse in part, and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On October 10, 2003, a Marion County Sign Revisions Steering Committee recommended to the MDC Sign Regulation revisions that, if adopted, would bar any sign "which displays video or emitting graphics." Appellant's App. p. 578. On November 17, 2003, the Indianapolis–Marion County City–County Council passed and adopted the proposed revision, enacting an ordinance that reads as follows: "No advertising sign shall be permitted which displays video or emitting graphics." Indianapolis Rev. Code § 734–306(a)(6).

On February 26, 2008, Lightpoint, along with Lamar Advertising, filed Petitions for Variance of Development Standards with the City of Lawrence, located wholly within Marion County, seeking variances from section 734–306(a)(6) in order to convert existing vinyl billboards along Interstate 465 into digital displays. Following a

hearing held on August 19, 2008, the Lawrence BZA voted to grant Lightpoint and Lamar the requested variances.

On August 22, 2008, Michael Peoni, Administrator of the Division of Planning of the Indianapolis Department of Metropolitan Development ("DMD"), certified the Lawrence BZA decision for administrative review by the MDC. Peoni's notice of appeal read, in part, as follows:

> [T]he Administrator certifies that this appeal is being made within five days of the decision of the hearing, and that the decision raises a significant matter of zoning policy, being that this is the first digital off-premise advertising approved in the City of Indianapolis/Marion County along an interstate (I–465). The Sign Regulations do not permit electronic variable message signs as a component of advertising signs. The granting of this variance sets an inappropriate precedent for the conversion of all existing off-premise advertising signs, particularly along the interstate highways, in the City of Indianapolis/Marion County to be converted to digital off-premise advertising signs.

Appellant's App. p. 722.

On October 15, 2008, the MDC heard the appeal and afterwards denied Lightpoint's and Lamar's request to dismiss the appeal on the basis that the MDC had no jurisdiction over the appeal. Lightpoint and Lamar each filed verified petitions for a writ of certiorari and request for declaratory judgment in the trial court, and, on February 18, 2009, the two lawsuits were consolidated.

On March 20, 2009, Lamar filed a motion for summary judgment on the issue of whether the MDC had jurisdiction to hear an appeal from the Lawrence BZA, a motion in which Lightpoint joined. On April 22, 2009, the MDC responded to the joint summary judgment motion and filed a cross-motion for summary judgment. On July 24, 2009, the trial court granted the MDC's cross-motion for summary judgment on the issue of whether the MDC had jurisdiction of the appeal.

On September 11, 2009, Lightpoint and Lamar filed another motion for summary judgment on the issue of whether Peoni's decision to appeal from the Lawrence BZA's decision was arbitrary and capricious. On October 28, 2009, the MDC filed a response to the motion for summary judgment and a second cross-motion for summary judgment. On March 26, 2010, the trial court again entered summary judgment in favor of the MDC, concluding that Peoni's decision to appeal from the Lawrence BZA was not arbitrary and capricious. On April 23, 2010, Lightpoint appealed from the trial court's grants of summary judgment in favor of the MDC.

## DISCUSSION AND DECISION

### Standard of Review

■ ■ When reviewing a decision of a zoning board, an appellate court is bound by the same standard of review as the certiorari court. *Ripley Co. Bd. of Zoning v. Rumpke of Indiana, Inc.* (1996) Ind.App., 663 N.E.2d 198, *trans. denied.* Under this standard, a reviewing court, whether at the trial or appellate level, is limited to determining whether the zoning board's decision was based upon substantial evidence. *Id.* The proceeding before the certiorari court is not intended to be a trial de novo,[1] and neither that court nor the

---

1. Although all parties filed numerous summary judgment motions below, with accompanying designated evidence, the summary judgment procedure is wholly inappropriate in this context, where the parties are not entitled to a trial de novo. We shall therefore not consider any of the parties' designated evidence in making our decision and, to the extent appropriate, will consider only the rec-

appellate court may reweigh the evidence or reassess the credibility of witnesses; rather, reviewing courts must accept the facts as found by the zoning board. *Id.*

*Crooked Creek Conservation & Gun Club, Inc. v. Hamilton County N. Bd. of Zoning Appeals,* 677 N.E.2d 544, 547 (Ind.Ct.App. 1997), *trans. denied.*

Judicial review of administrative decisions is very limited. *City of Greenwood v. Dowler* (1986) Ind.App., 492 N.E.2d 1081, 1084, *reh'g denied.* Deference is to be given by the reviewing court to the expertise of the administrative body. *Id.* at 1085. Discretionary decisions of administrative bodies ... are entitled to deference absent a showing that the decision was arbitrary and capricious, or an abuse of discretion, or otherwise not in accordance with law. Further, review is limited to determining whether the administrative body adhered to proper legal procedure and made a finding based upon substantial evidence in accordance with appropriate constitutional and statutory provisions. The reviewing court may not substitute its judgment for that of the administrative body or modify a penalty imposed by that body in a disciplinary action, without a showing that such action was arbitrary and capricious.

The challenging party has the burden of proving that an administrative action was arbitrary and capricious. *City of Greenwood, supra,* 492 N.E.2d at 1085. An arbitrary and capricious decision is one which is patently unreasonable. It is made without consideration of the facts and in total disregard of the circumstances and lacks any basis which might lead a reasonable person to the same conclusion. Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. The evidence is not to be reweighed by a reviewing court.

*City of Indpls. v. Woods,* 703 N.E.2d 1087, 1090–91 (Ind.Ct.App.1998).

## I. Whether the MDC has Jurisdiction to Hear Appeals from the Lawrence BZA

We first address the question of whether the MDC has jurisdiction to hear appeals from the Lawrence BZA. Lightpoint argues that the MDC, as a matter of law, lacks jurisdiction to hear appeals from the Lawrence BZA because of relevant statutory provisions granting the Lawrence BZA "exclusive" jurisdiction over zoning matters in Lawrence.

 "The interpretation of a statute is a question of law reserved for the courts." *Scott v. Irmeger,* 859 N.E.2d 1238, 1239 (Ind.Ct.App.2007).

A statute should be construed so as to ascertain and give effect to the intention of the legislature as expressed in the statute. In so doing, the objects and purposes of the statute in question must be considered as well as the effect and consequences of such interpretation. When interpreting the words of a single section of a statute, this court must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the spirit and purpose of the act. We presume that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. Statutes relating to the same general subject matter are in pari materia and should be construed together so as to produce a harmonious statutory scheme. Courts are not bound to adopt a construction that would lead

ord made before the Lawrence BZA and the MDC.

to manifest absurdity in order that the strict letter of the statute may be adhered to. They will rather look to the intention of the legislature, as gathered from the import of the whole act, and will carry out such intention as thus obtained.

*Fuller v. State,* 752 N.E.2d 235, 237–38 (Ind.Ct.App.2001) (citations omitted).

Pursuant to Indiana Code section 36–7–4–201(d) (2007),

[e]xpanding urbanization in each county having a consolidated city [*e.g.,* Marion County] has created problems that have made the unification of planning and zoning functions a necessity to insure the health, safety, morals, economic development, and general welfare of the county. To accomplish this unification, a single planning and zoning authority is established for the county.

To this end, the General Assembly provided for the formation of an MDC in all counties having a consolidated city. Ind. Code § 36–7–1–10 (2007). In counties with an MDC, "[a]n official designated by the [MDC] may appeal to the [MDC] any decision of a board of zoning appeals regarding an administrative appeal, or approving a special exception, a special or conditional use, or a variance from the terms of the zoning ordinance." Ind.Code § 36–7–4–922(a) (2007).

Lawrence is an "excluded city" under Indiana law. *See* Ind.Code § 36–3–1–7 (2007). Indiana Code section 36–7–4–901(g) (2007) provides that any municipal BZA established by an excluded city pursuant to the former Indiana Code section 18–7–2–61 "continues as the [BZA] for that municipality." Section 36–7–4–901(g) further provides that "[a BZA] for an excluded city has exclusive territorial jurisdiction within the corporate boundaries of that municipality." Lightpoint argues that the Lawrence BZA's "exclusive territorial jurisdiction" over zoning matters arising

within Lawrence precludes the MDC from entertaining appeals from its decisions. We cannot agree that this is what the General Assembly intended.

■ First, the General Assembly created the MDC and expressed a clear intent that it be the "single planning and zoning authority" for Marion County. Ind.Code § 36–7–4–201(e). It is difficult to see how the MDC could fulfill this function if it could not review the zoning decisions of Lawrence and other excluded cities, which lie entirely within Marion County. Had the General Assembly intended to exempt municipal BZAs from MDC review, it could have done so. Moreover, Indiana Code section 36–7–4–922(a) specifically provides that "[a]n official designated by the [MDC] may appeal to the [MDC] any decision of a board of zoning appeals regarding an administrative appeal, or approving a special exception, a special or conditional use, or a variance from the terms of the zoning ordinance." Although there are two types of BZAs in Marion County, municipal and metropolitan, there can be no doubt that the Lawrence BZA qualifies as "a board of zoning appeals" in Marion County. Had the General Assembly intended to limit MDC oversight to metropolitan BZAs, it could have done so, but did not.

Lightpoint argues that the Lawrence BZA's "exclusive territorial jurisdiction" over zoning matters arising in Lawrence precludes MDC review of its decisions. Although we acknowledge that this language, when considered along with other statutory language, is somewhat ambiguous, we conclude that this passage must refer only to the Lawrence BZA's initial ability to address zoning issues arising within Lawrence, and not appeals of its decisions. Quite simply, interpreting the language in the way Lightpoint urges would produce a result which would run

counter to the General Assembly's clearly expressed intent to establish the MDC as the single planning and zoning authority for Marion County and the MDC's express authority to review any decision of a board of zoning appeals in Marion County. As previously mentioned, statutes relating to the same general subject matter are in pari materia and should be construed together so as to produce a harmonious statutory scheme. *Brooks v. Gariup Const. Co., Inc.*, 722 N.E.2d 834, 838 (Ind.App. 1999). In this case, the only way to realize that goal is to conclude that the Lawrence BZA's exclusive territorial jurisdiction applies to initial zoning determinations of matters arising in Lawrence and does not extend throughout the review process.[2] We conclude that the MDC may hear appeals of decisions of the Lawrence BZA, and affirm the trial court's decision on this point.[3]

## II. Whether This Court has Jurisdiction to Hear Lightpoint's Appeal

▮▮▮ The record seems to establish that the MDC has determined only that it has jurisdiction to hear the appeal from the Lawrence BZA and has not ruled on the merits of the appeal. Although neither party has addressed the question of whether this apparently limited decision is appealable to the Marion County court or to this court, we raise it *sua sponte*. As a general rule,

[c]ourts are reluctant to review interim steps of an administrative body which are not, or have not become final. Such review would only delay the administrative process, thereby rendering administrative authority ineffectual.

For a decision of a board of zoning appeals to be judicially reviewable, it "must have an element of finality to it and must be a completed action in the matter under consideration. In addition, it is necessary that all proper procedural steps be taken in connection with the appeal ..."

"Final order" means an order ending the proceedings, leaving nothing further to be accomplished. Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action. Generally, judicial review is denied for lack of finality if an action by an administrative agency is only anticipated. Review will also be denied when action has been taken if the matter is still pending final disposition of interim steps.

The decision must impose an obligation or deny a right as a *consummation* of the administrative process.

The Indiana statutory provision controlling this matter allows review by certiorari of "(e)very decision of the board of zoning appeals ..." When considering similar language in the Administrative

---

2. Indeed, it would seem that Lightpoint's argument, if taken to its logical conclusion, would also prevent review of the Lawrence BZA's decision by writ of certiorari in the Marion County courts as well, even though the General Assembly has explicitly provided for such review. *See* Ind.Code § 36-7-4-1003 (2007). We cannot believe that the General Assembly intended to single out decisions by municipal BZAs of excluded cities for complete immunity from review.

3. Lightpoint also argues that the MDC cannot address Lawrence zoning matters because the

Lawrence BZA is required by statute to be comprised of Lawrence residents. *See* Ind. Code § 36-7-4-902(g) (2007). This argument is based on the notion that the MDC is somehow transformed into the Lawrence BZA when it hears a matter arising from Lawrence because "the [MDC] sits as a [BZA]" when hearing appeals. Ind.Code § 36-7-4-922(b). As the context of subsection (b) makes clear, however, this simply means that the MDC functions as a BZA but not that it becomes the BZA from which the appeal arose or that it would be subject to all of that BZA's rules and restrictions.

Adjudication Act of Indiana, our Supreme Court held that general language allowing review of "any order or determination" relates only to a final decision. The court reasoned that to hold otherwise would leave a void in the statutes as to what proceedings, if any, could be judicially reviewed. Thus, preliminary or procedural orders, as distinguished from final orders, are not within the meaning of such general language.

*Downing v. Bd. of Zoning Appeals of Whitley County,* 149 Ind.App. 687, 690–92, 274 N.E.2d 542, 544–45 (Ind.Ct.App.1971) (citations omitted).[4]

■ Here, the record is unclear as to whether the MDC has issued a final determination on the merits. As previously mentioned, it appears that the MDC has determined only that it may hear the appeal from the decision of the Lawrence BZA but has yet to actually rule on the merits of that appeal. In other words, it seems that the MDC's actions to date have not ended the proceedings. If this is the case, even if Lightpoint suspects that the MDC will deny its request for a variance, neither we nor the trial court may review the partial disposition. "Until an administrative order is finalized, it is impossible for a complainant to show such irreparable injury as would warrant judicial review." *Id.* at 692, 274 N.E.2d at 545. Once the MDC has issued its final disposition in this case, if, in fact, it has not, then it may be reviewed via the certiorari process. If the MDC has not yet made a final determination on the merits, we reverse the judgment of the trial court and remand with instructions to deny Lightpoint's petition for writ of certiorari.

On the other hand, the record also contains a document issued by the MDC subtitled "NEGATIVE FINDINGS OF FACT" which concludes with "IT IS THEREFORE the decision of this body that [Lightpoint's] VARIANCE petition is DENIED." Appellant's App. p. 718. This document is dated September 3, 2008, over a month before the MDC actually heard the appeal, so it appears to be, at best, a preliminary determination on the merits. If it happens that the MDC *has* issued a final decision in this matter, we instruct the trial court on remand to limit its review "to determining whether the [MDC's] decision was based upon substantial evidence." *Crooked Creek Conservation & Gun Club,* 677 N.E.2d at 547. We remind the parties and trial court that "[t]he proceeding before the certiorari court is not intended to be a trial de novo, and neither that court nor the appellate court may reweigh the evidence or reassess the credibility of witnesses; rather, reviewing courts must accept the facts as found by the zoning board." *Id.*

We affirm the judgment of the trial court in part, reverse it in part, and remand with instructions.

KIRSCH, J., and CRONE, J., concur.

---

4. The version of this citation found in the *www.westlaw.com* database replaces the double quotation marks and ellipses that appear in the Indiana Appellate Reports with single quotation marks and asterisks respectively. Additionally, the *www.westlaw.com* version fails to italicize the word "consummation"

and the third appearance in the text of the word "administrative" is misspelled "administative." While these errors do not seem to alter the meaning of the citation, we will continue to exercise caution in citing to nonofficial authorities.